MARIAN MICKENS AND FRANK MICKENS, PLAINTIFFS-APPELLANTS, v. EMILY MARASCIO, VICTOR M. MARASCIO, MALCOLM F. BROPHY AND EDWARD GRUM, DEFENDANTS-RESPONDENTS.

Argued December 7 and 8, 1970—Decided July 13, 1971.

Mr. *Edward W. Wise, Jr.,* argued the cause for appellants (*Messrs. Wise, Wise & Wichmann,* attorneys; *Mr. Edward W. Wise, Jr.,* of counsel and on the brief).

Mr. *Frank N. Yurasko* argued the cause for respondents Marascio (*Messrs. Champi, Graham & Yurasko,* attorneys; *Mr. Yurasko,* on the brief).

*Mr. Robert F. Colquhoun* argued the cause for respondent Brophy (*Messrs. Colquhoun & Pollock,* attorneys; *Mr. Peter R. Brogan,* on the brief).

*Mr. Alan Mark Klatsky* argued the cause for respondent Grum (*Messrs. Klatsky, Himelman & Siegfried,* attorneys; *Mr. Joseph W. Ferraro, Jr.,* on the brief).

The opinion of the Court was delivered by

SCHETTINO, J.  This is a negligence action. Plaintiff-wife fell over a sidewalk curbstone located on the property of defendants Dr. and Mrs. Victor M. Marascio. Following the accident, plaintiffs instituted the instant action against five alleged joint tortfeasors, joining, in addition to the Marascios, their tenant, Dr. Malcolm F. Brophy,. and contractors, Angelo Ciaglia and Edward Grum. The various defendants cross-claimed for contribution under the Joint Tortfeasors' Contribution Law. *N. J. S. A.* 2A:53A–1 *et seq.*

After plaintiffs had completed their case on liability but prior to the submission of medical evidence on damages, the trial court dismissed plaintiffs' complaint against Dr. Brophy and Grum, holding as a matter of law that neither could be held culpable for plaintiff-wife's injuries. The trial court also dismissed the cross-claims against Dr. Brophy and Grum. Subsequently, at the close of all the evidence, the trial court dismissed plaintiffs' complaint and the Marascios' cross-claim against Ciaglia. The trial court then submitted plaintiffs' claim against the Marascios to the jury. The jury found for plaintiffs, awarding plaintiff-wife $15,000 on her claim for personal injuries and plaintiff-husband $7,000 on his *per quod* claim.

The Marascios appealed to the Appellate Division, which affirmed the dismissal as to Ciaglia but held that the complaint and cross-claims against Grum and Dr. Brophy should not have been dismissed; it concluded there was sufficient evidence in the record to present a jury question as to their liability. The Appellate Division ordered a complete new

trial as to all issues and all parties except Ciaglia. Plaintiffs alone sought relief from this Court, claiming their judgment against the Marascios should not have been disturbed and that the retrial should be limited to a consideration of the codefendants' cross-claims for contribution. We granted certification. 56 *N. J.* 248 (1970).

At trial, plaintiffs' proofs were to the following general effect. Plaintiff-wife had taken her two children for an eye examination to defendant Dr. Brophy, who maintained a professional office in the Marascios' building. In order to enter Dr. Brophy's office, plaintiff had to walk up a walkway which was perpendicular to the street and adjacent to an asphalt driveway on the property. After the visit to Dr. Brophy was completed, plaintiff started down this walkway, progressing toward the street with her two children between her and the driveway. When she reached a point, near the end of the walkway nearest the street, where the sidewalk narrowed to provide an entrance apron in the driveway, an automobile suddenly turned from the street into the driveway. Fearing for the safety of her children and in order to avoid the vehicle, she grabbed for the children and stumbled to the right. During the process of pulling the children towards her, her left leg struck a concrete curbing, causing her to fall and break her hip. The curbstone was located at the edge of the lawn, where it borders the inside edge of the public sidewalk.

Plaintiffs' theory of liability was that the placement of the curbstone adjacent to the lawn side of the public sidewalk created a dangerous condition; that the condition was aggravated by the narrowing of the sidewalk, running adjacent to the driveway, at the driveway entrance; and that the condition was further aggravated by negligent maintenance of the lawn, because grass on the edge of the lawn was permitted to grow level with and over the curbstone, and obscured the curbstone from the view of a person coming down the walkway.

Plaintiffs claimed that the Marascios were negligent in suffering a hazardous condition to exist on their property, aggravating the condition through negligent maintenance of the lawn, and failing to warn invitees of its existence; that Dr. Brophy was negligent for failing to take proper steps to insure the safety of his business invitees; that defendant Ciaglia had improperly and negligently constructed the curbing in the first instance; and that defendant Grum had negligently and improperly installed the narrow walkway, adjacent to the driveway, aggravating the hazardous condition.

In reversing the trial court's order of dismissal as to Grum and Dr. Brophy, the Appellate Division commented:

Our examination of the record satisfies us that plaintiffs' complaint and the cross-claims should not have been dismissed as to defendants Brophy and Grum. Accepting as true plaintiffs' evidence and giving to it every inference of fact that can legitimately be drawn therefrom, there was sufficient evidence to present a jury question as to the negligence of each of these defendants, that of Grum in the manner in which he installed the walkway and that of Brophy as the occupier of the premises, in failing to exercise reasonable care to his business invitees by protecting them against dangerous conditions which he knew or reasonably should have known existed.

These findings are not challenged by any of the parties before this Court; and, no one has sought review of the Appellate Division's affirmance of the Ciaglia dismissal. Consequently, the sole issue presented is whether the trial court's erroneous order of dismissal as to these two defendants necessitates a complete new trial as to plaintiffs' claim against the Marascios as well.

In reversing plaintiffs' judgment against the Marascios and ordering a new trial to them as to both liability and damages, the Appellate Division pointed to no error infecting the jury verdict as to the Marascios which would warrant a new trial. Nor does our own independent review of the record and the points pressed by the Marascios here and in the Appellate Division disclose grounds which warrant a finding that the Marascios were not fairly found neg-

ligent under the evidence adduced. The Appellate Division grounded its grant of a new trial on its finding that:

In order to avoid unnecessary fragmentation of the case, and in view of the entire record, we deem that fairness to all concerned requires that there be a complete new trial as to defendants Marascio, Grum and Brophy. Especially is this true since dismissal of the action and cross-claims as to defendants Grum and Brophy was made contrary to [*R. R.*] 4:13–6(b)(2) [now *R.* 4:37–2(e)], which requires such motions to be held in abeyance until the conclusion of the entire case.

In support of their position that they should not be forced to relitigate their claim against the Marascios, plaintiffs point out that they are satisfied with their judgment against the one joint tortfeasor, the Marascios; that the Marascios were not prejudiced in establishing their defense to plaintiffs' claim by the early dismissals; and, that, consequently, the trial court's erroneous order of dismissal prejudiced only the Marascios' right of contribution against defendants Grum and Brophy.

We agree. On this appeal, the Marascios can point to no prejudice infecting the verdict against them, with respect to liability or damages, as a result of the early dismissals; and, it is evident that the early dismissals prejudiced only their potential right to contribution by way of cross-claim. In the instant case, there are no special circumstances and we see no good reason why plaintiffs should be deprived of their judgment against the Marascios as long as the Marascios' right to contribution is preserved. We are, therefore, of the opinion that the judgment of the Appellate Division should be modified to the end that a new trial be limited to a trial of the Marascios' cross-claims against Brophy and Grum. Brophy may, of course, press his previously asserted cross-claim against the Marascios for indemnification based on the terms of the lease for his office.

Insofar as the trial of the cross-claims is concerned, we think that the judgment against the Marascios should bind defendants Brophy and Grum as to the issues of the

Marascios' liability and damages suffered by plaintiffs. *Keitz v. National Paving and Contracting Co.*, 214 *Md.* 479, 136 *A.* 2d 229 (1957). Defendants Brophy and Grum oppose this limitation on the scope of the new trial; they contend that they will be prejudiced because they were let out of the case by the trial court prior to plaintiffs' medical testimony and therefore had no opportunity to cross-examine and present evidence on damages. We find this contention unavailing; and, we think that fairness to the Marascios demands that principles of *res judicata* be applied here.

In *Sattelberger v. Telep*, 14 *N. J.* 353, 367 (1954), where a judgment debtor brought a separate action for contribution against an alleged joint tortfeasor, it was held that:

> it is incumbent on the contribution claimant in a case such as this to establish a common liability for the wrongful act, neglect or default made the basis of the judgment and the quantum of damages ensuing from the joint offense. * * * The judgment in tort cannot serve as more than *prima facie* evidence of the fulfillment of the condition prerequisite to the statutory action for contribution. The onus of proof of the common burden is on the plaintiff demanding the sharing of the burden.

Under this rule, if the contribution defendant offers evidence derogating from the original plaintiff's proofs as to damages, the contribution claimant would have the burden of establishing the original plaintiff's case, even though the contribution claimant had vigorously disputed plaintiff's proofs at the original trial. In this process the contribution claimant could not likely expect the earnest cooperation of a plaintiff who is no longer interested in the matter and perhaps understandably disturbed by having to retell his or her misfortune. We do not think this burden may be fairly imposed on the Marascios in this case. Here, Brophy and Grum were brought into the case and offered a full opportunity to be heard on all issues. They then chose to assert a claim that the case against them was insufficient. In this respect, as the Appellate Division has held, defendants induced error;

and, the real issue now is whether the Marascios should be penalized because the defendants they pursued for contribution misconceived the sufficiency of the case against them. It would be unfair to transfer the burden of that misconception to the Marascios. For this reason we believe Brophy and Grum should be bound by the jury's determination that the Marascios were tortfeasors and the amount of their liability. In future cases involving cross-claims among defendants, if a codefendant wishes to move for dismissal and yet be heard fully on the amount of damages, the appropriate course would be to ask the trial court to hold his motion and dispose of it n. o. v., *R.* 4:40–2, should that become necessary.

Accordingly, the judgment of the Appellate Division is reversed insofar as it ordered a new trial as to plaintiffs' claim against the Marascios; and, the cause is remanded for a new trial of the Marascios cross-claims for contribution against Brophy and Grum not inconsistent with this opinion.

*For reversal*—Chief Justice WEINTRAUB and Justices JACOBS, FRANCIS, PROCTOR and SCHETTINO—5.

*For affirmance*—None.