SALLY COOPERMAN et al., Appellants, *v.* ROBERT FERRENTINO, Defendant, and M. A. HITTNER & SONS, INC., Respondent.

Second Department, November 29, 1971.

*Robert Bobowick* (*Irving D. Josefsberg* of counsel), for appellants.

*Mishkin & Strear* (*Abraham L. Shapiro, Abraham Schlissel* and *Gerald Richman* of counsel), for respondent.

HOPKINS, Acting P. J.  The plaintiff wife was injured when an automobile operated by the defendant Ferrentino mounted a sidewalk and struck her.  The automobile was owned by the defendant M. A. Hittner & Sons, Inc.  Hittner had leased the

automobile to First Flushing Corp. under a written agreement which included the following provision: "The Lessee is permitted to use the aforesaid motor vehicle(s) at any time and all times, for any and all lawful purposes. Lessee shall use and operate the motor vehicle(s) in a careful manner and permit only experienced licensed drivers over 25 years of age (who shall be agents of Lessee only) to operate the motor vehicle(s) and require such drivers to operate the motor vehicle(s) in a careful manner so as to prevent loss or damage thereto. In no event shall the motor vehicle(s) be driven by the Lessee or its agents while under the influence of intoxicating beverages or narcotic drugs, nor in violation of any federal, state or local law or ordinance, nor for any other purpose, nor in any other manner, which might subject said motor vehicle(s) to confiscation."

First Flushing had rented the automobile some three hours before the accident to Melvin Davis, who was 21 years old. Some time later Davis met Ferrentino, who was 17 years old and without a driver's license; and Davis was seated in the automobile when it struck the plaintiff wife while Ferrentino was driving the car.

The Trial Term dismissed the complaint against Hittner at the close of the case, finding that the restrictive terms of the lease between Hittner and First Flushing had destroyed Hittner's statutory liability as owner of the automobile (Vehicle and Traffic Law, § 388). We are of a different mind and hold that the plaintiffs are entitled to recover against Hittner.[1]

At the trial an officer of Hittner testified that the automobile had been leased to First Flushing with the knowledge that the latter intended to, and did in fact, rent the automobile from time to time to the public. Indeed, he testified that this was the purpose of the transaction between them and that First Flushing was expected to exercise its own discretion in subleasing the automobile. He was familiar with the form of rental contract used by First Flushing. That contract, under which Davis leased the automobile, did not contain the restrictions placed on its operation in the agreement between Hittner and First Flushing.

Section 388 of the Vehicle and Traffic Law imposes liability on the owner of an automobile for injuries resulting from negligence in its use or operation by any person "with the permission, express or implied, of such owner." The public policy expressed by the statute frames a remedy unknown at common law for the compensation of a party injured by the negligent

---

1. At the trial the plaintiff wife and the plaintiff husband recovered verdicts, respectively in the sums of $20,000 and $2,500, against Ferrentino. Though a notice of appeal was served by Ferrentino, he has not perfected his appeal and

driver of an automobile through recourse to the owner (*Continental Auto Lease Corp.* v. *Campbell,* 19 N Y 2d 350, 352; *Rauch* v. *Jones,* 4 N Y 2d 592, 596) ; and the ownership of the automobile imports a rebuttable presumption of permission (*Leotta* v. *Plessinger,* 8 N Y 2d 449, 461; *Brindley* v. *Kirzsan,* 18 A D 2d 971, affd. 13 N Y 2d 976).

Hittner's motion to dismiss the complaint was premised on the proposition that its consent for the use and operation of its automobile was conditioned by the terms of the lease with First Flushing and that the violation of those terms through the use and operation of the automobile by Davis and Ferrentino, both under 25 years of age, vitiated its consent. For several reasons we think that argument is insupportable.

First, we observe that the restriction as to age is coupled with a condition that the drivers permitted by First Flushing to use and operate the automobile " shall be agents of Lessee only " and shall be required to do so in a careful manner. It is hardly consonant with the transaction between Hittner and First Flushing looking toward the use of the automobile in a car rental business by the latter that the customers could be considered agents of First Flushing; and of course the condition of careful driving, though disobeyed, does not affect the issue of permission (*Arcara* v. *Moresse,* 258 N. Y. 211, 214).

Moreover, even if we were persuaded that the restriction was intended to apply to the transaction between the parties, Hittner's conduct in effect annulled it. Hittner allowed First Flushing to rent the automobile to members of the public, without attempting to insure that its restriction would be enforced by First Flushing, and, indeed, with the knowledge that First Flushing's form of rental contract did not incorporate the restriction. We think this kind of casual disregard of written restrictions on the use of an automobile in the practice of the car rental business contemplated signifies that the restrictions were abandoned.

Finally, we must treat the circumstances of the case against the background of the statute. Hittner, as an operator of a car rental business, is not in the same position as an individual owner of an automobile who lends it to a relative or friend for a specified purpose or limited to a described area (cf. *Hinchey* v. *Sellers,* 7 N Y 2d 287, 292; *Chaika* v. *Vandenberg,* 252 N. Y. 101; *Psota* v. *Long Is. R. R. Co.,* 246 N. Y. 388). The business of leasing automobiles has assumed a widespread and growing role in

___

it has been dismissed; and on this appeal he has served no brief, perhaps because the Trial Term charged the jury, without exception from him, that he was guilty of negligence as a matter of law.

our economy. The restrictions laid down by the dealer affect the use of many automobiles, not one; and the restrictions continue over the period of the ownership of those automobiles by the dealer in his business, not for the temporary loan by an individual owner to a relative or friend. To the extent that these restrictions render ineffectual the purpose of the statute, the third parties who are injured by the negligence of the lessee are left remediless. We have already made clear in *Barnes* v. *Shul Private Car Serv.* (35 A D 2d 841) that considerations of public policy will prevent the evasion of the statutory liability of a party leasing cars for profit through the attempted device of conditions on use which in truth run counter to the realities and disguise the transaction. The same reasoning has meaning here, where Hittner invokes a condition which might well apply in an individual case, but cannot realistically have effect when applied to a lease by one car dealer to a second car dealer which in turn rents to the public according to the exercise of its own judgment.[2]

We hold, therefore, that Hittner's consent under section 388 of the Vehicle and Traffic Law was established as a matter of law and that Hittner is liable to the plaintiffs as the owner of the automobile which negligently caused the injury. The question then is whether a new trial must be directed.

Hittner participated in the trial to the close of all the evidence. Its motion to dismiss the complaint was granted before the summations and the charge. During the trial its counsel cross-examined the plaintiffs' witnesses, called witnesses in its own behalf, including both Ferrentino and Davis, and introduced exhibits into evidence, including the rental contracts. Its motion for dismissal of the complaint was directed to the issue of permission; and the Trial Term granted the motion on the ground that the conditions of permission had been breached.

There were, as we see it, but three issues in the case — the negligence of Ferrentino, the permission of Hittner for the use and operation of its automobiles, and the extent of the damages incurred by the plaintiffs. The first issue of negligence is hardly debatable. The record indicates that no serious attempt was made by Hittner's counsel to resist the almost incontestable inference of negligence against Ferrentino arising from the nature of the accident itself; and no attempt at all was made by Hittner's counsel to establish contributory negligence on the

2. Since restrictions put on the use of an automobile by an owner must be reasonable (*Arcara* v. *Moresse*, 258 N. Y. 211, 214, *supra*), the validity of the restriction must be adjudged in the setting. The enforcement of conditions laid down by a car rental dealer may therefore depend on their relation to the object to be served and the likelihood that the conditions will be carried out by the lessee.

part of the plaintiffs. The plaintiff wife was concededly standing on the sidewalk when the automobile was driven over the curb, striking the plaintiff wife. Indeed, on this record we agree with the charge of the Trial Justice that Ferrentino's liability was demonstrated as a matter of law.

Consequently, we see no reason for a new trial as to liability. Whatever evidence Hittner could contribute on this issue has already been shown and clearly could not change the result. We do have the power, however, to remand the case for a new trial as to damages alone (*Hempel* v. *Jenkins,* 28 A D 2d 1068, affd. 24 N Y 2d 822; *Nemeth* v. *Terminal Cleaning Contrs.,* 30 A D 2d 518).

The plea can be made that Hittner has had no opportunity to present its arguments to the jury relating to the injuries suffered by the plaintiff wife and the amount of damages properly to be awarded; nor was Hittner able to make requests for a charge or to take exceptions to the charge on these issues. We are not persuaded that Hittner has been prejudiced by the proceedings at the trial in any of these respects.

The Trial Justice's charge, as we read it, was fair to the parties and the verdict was not excessive. A summation on behalf of Ferrentino was made by his counsel and it is not claimed that he did not argue strongly against the plaintiffs' contentions as to damages. We should avoid, so far as possible, in these days of clogged calendars and delay in the disposition of litigation, retrials which on balance are unnecessary. We think that, since Hittner so far participated actively in the trial to the point of the close of the evidence, the same factors which influence the application of collateral estoppel should be weighed here (cf. *Ordway* v. *White,* 14 A D 2d 498, 502). Those factors include, as stated in *Schwartz* v. *Public Administrator of County of Bronx* (24 N Y 2d 65, 72), the size of the claim, the forum, the use of initiative, the extent of the litigation, the competence and experience of counsel, the availability of new evidence, indications of a compromise verdict, differences in the applicable law and foreseeability of future litigation.

We emphasize, in directing that Hittner be held liable for the same amount as Ferrentino, that the jury considered the evidence produced by Hittner, that in fact only one issue — that of damages — was raised by the evidence at the trial, and that Hittner's codefendant, whose interests were identical to Hittner on that surviving issue, remained in the case to the end and did not abdicate his defense on summation. In the light of the factors in *Schwartz* (*supra*), a retrial of the issue of damages is unnecessary. Hittner was afforded a full and fair opportunity

under the circumstances to present its case at the trial and it should be bound by the determination of the jury.

Accordingly, the judgment should be reversed insofar as appealed from by the plaintiffs, on the law, with costs, and judgment should be entered in favor of the plaintiffs against defendant M. A. Hittner & Sons, Inc. as upon a verdict for plaintiff Sally Cooperman for $20,000 and for plaintiff Louis Cooperman for $2,500.

GULOTTA, CHRIST, BRENNAN and BENJAMIN, JJ., concur.

Judgment reversed insofar as appealed from by plaintiffs, on the law, with costs, and judgment directed to be entered in favor of plaintiffs against defendant M. A. Hittner & Sons, Inc. as upon a verdict for plaintiff Sally Cooperman for $20,000 and for plaintiff Louis Cooperman for $2,500.