■ RICHARD C. HOWELL, Respondent, v BENNETT BUICK, INC., Respondent, and GENERAL MOTORS CORPORATION, Appellant.—In an action to recover damages for personal injuries, defendant General Motors Corporation (GM) appeals from (1) a judgment of the Supreme Court, Westchester County, entered October 17, 1974, after a jury trial, which is in favor of plaintiff and against it and (2) a resettled judgment of the same court, entered July 14, 1975, which, on the basis of a prior trial, dismissed GM's cross claim against defendant Bennett Buick, Inc. (Bennett). Judgment entered October 17, 1974, affirmed, without costs or disbursements. Resettled judgment entered July 14, 1975, reversed, on the law, without costs or disbursements; cross claim severed and remanded to Trial Term for a trial thereof, and for an apportionment of damages pursuant to *Dole v Dow Chem. Co.* (30 NY2d 143) in the event it is determined by the trier of the facts that both defendants were liable for the damages suffered by plaintiff. No fact findings were presented for review with respect to the resettled judgment. The action herein arose out of an accident which occurred on the New York State Thruway on April 3, 1967. Plaintiff, by profession an insurance claims and accident investigator, claimed that while driving a 1967 Buick automobile at approximately 55–60 miles per hour, a car swerved into his lane forcing him to make a sudden stop. Plaintiff further claimed that the seat back lock mechanism which anchored the back of the driver's seat to the body of the car was defective and that due to such defect he was injured when the seat back struck him in the back in the course of the sudden stop. Plaintiff sued defendant Bennett, the dealer which sold him the car, and GM, the manufacturer of the car, alleging negligence and breach of warranty. At the first trial of this action plaintiff discontinued his claims against Bennett and his negligence claim against GM and the trial court dismissed GM's cross claim against Bennett at the conclusion of the entire case. A jury verdict in favor of GM on the breach of warranty action was set aside by the trial court for a reason which is not now relevant. The second trial of this action, between plaintiff and GM alone, resulted in a jury verdict for plaintiff in the amount of $100,000. Plaintiff agreed to a reduction in the verdict to $50,000 in lieu of the Trial Judge ordering a new trial. The two judgments appealed from were entered thereafter. In our view, there is sufficient evidence in the record to sustain the jury's finding that (1) GM breached its warranty to plaintiff in manufacturing a defective seat back lock mechanism and (2) said breach caused plaintiff's injuries. The record also amply supports the trial court's grant of a new trial in the

absence of a stipulation by plaintiff to reduce the verdict from $100,000 to $50,000 (see *Hussey v Oneida Motor Frgt.*, 30 AD2d 741). During the course of plaintiff's direct case he successfully sought to have admitted into evidence the report of George Volz, a compensation claim investigator. The report was written on April 12, 1967, nine days after the accident, and consisted of statements made by plaintiff during an interview with Volz for the purpose of establishing plaintiff's workmen's compensation claim. The report contained plaintiff's self-serving description of the manner and extent of his 1967 injuries. GM, on appeal, contends that the admission of that report constituted prejudicial error. Plaintiff alleges that its admission was proper on the ground that his testimony was attacked by GM during the trial as a recent fabrication and that the statement given to Volz constituted a prior consistent statement made when there was no motive to falsify, and was thus admissible to repel GM's attack under the authority of *Moore v Leventhal* (303 NY 534, 537). In our view, the admission into evidence of this report was error. While plaintiff's testimony was indeed attacked during trial as a recent fabrication, the report was made at a time when plaintiff did have a motive to falsify. It was made nine days after the accident and contained self-serving statements by plaintiff, an experienced insurance investigator. It was part of a compensation claim made by plaintiff to his firm's own insurance company. Plaintiff also admitted in his statement to Volz, that, while he had not retained an attorney, he had "instituted a claim against General Motors". Under these circumstances, the admission of this report constituted error. However, in our view, this error was not prejudicial to GM as the crucial matter in the report concerning the accident was similarly testified to by independent witnesses at the trial. The report was therefore cumulative evidence and its admission did not constitute prejudicial error. Finally, it is our view that it was error for GM's cross claim against Bennett to have been dismissed. The evidence at the first trial, in which Bennett was a party, viewed most favorably to GM, indicated that plaintiff, on several occasions, specifically called to Bennett's attention the alleged defect which formed the basis of this action; that Bennett told plaintiff to leave the car for repairs; and that Bennett told plaintiff when he picked up the car that repairs had been done and "that is as tight as they can make it." From this testimony as well as the testimony of an experienced mechanic who stated that the bolts of the seat back lock could have been stripped by tightening them too hard, the jury could have found that Bennett, which held itself out as a repairer of automobiles, failed to make the proper repairs, or negligently tightened the bolts, thereby contributing to the accident. Consequently, a new trial has been granted as to GM's cross claim against Bennett. If the trier of the facts determines that both defendants were at fault and contributed to the accident, an apportionment of damages would then have to be made pursuant to *Dole v Dow Chem. Co.* (30 NY2d 143). We have examined the other points raised by GM on appeal, and find them to be without merit. Cohalan, Acting P. J., Margett, Damiani, Rabin and Titone, JJ., concur.