SMITHKLINE BECKMAN
CORPORATION et al.

v.

PENNEX PRODUCTS CO., INC.

Civ. A. No. 84–0913.

United States District Court,
E.D. Pennsylvania.

Aug. 14, 1984.

James R. Meyer, Philadelphia, Pa., for plaintiff.

Arthur H. Seidel, Philadelphia, Pa., for defendant, Pennex Products.

Barry E. Ungar, Philadelphia, Pa., for defendant, Rite Aid Corp.

Stuart E. Beck, Philadelphia, Pa., for third-party defendant Gray Drug Fair Stores, Inc.

## MEMORANDUM AND ORDER

JAMES McGIRR KELLY, District Judge.

Defendant Pennex Products Company, Inc. ("Pennex") has moved this court pursuant to Rule 60(b) of the Federal Rules of Civil Procedure for reconsideration of this Court's Order entered June 4, 1984, denying Pennex's motion for leave as a third-party plaintiff to cause a summons and third-party complaint to be served[1] pursuant to Rule 14 of the Federal Rules of Civil Procedure.

---

1. Pennex intends to serve Peoples Drug Stores, Inc., Revco D.S. Co., Inc., Rite Aid Corporation, Consumer Value Stores, a Division of Melville Corp., Gray Drug Fair Stores, Inc., and AARP Pharmacy Services, Inc.

**540**

## FACTS

Plaintiffs, Smithkline Beckman Corporation and Menley & James Laboratories, Ltd., manufacture and sell an over-the-counter enteric-coated aspirin tablet in an orange color under the trademark "Ecotrin". Pennex is a manufacturer of several generic prescription and over-the-counter pharmaceutical products. Pennex manufactures a generic version of plaintiffs' aspirin product for sale by distributors and retailers throughout the country, including the third-party defendants sought to be impleaded. The generic version is marketed in the same color as plaintiffs' aspirin product. Each Pennex customer applies a different design or name to its individual product package. As shown in the affidavit of Morton Rezak, Pennex's customers expressly approved the name and packaging of the aspirin which Pennex manufactures for them and agreed to or required the use of an orange colored aspirin tablet.

Plaintiffs' claim in this case is that Pennex allegedly engaged in federal and state unfair competition by manufacturing for other companies an orange color aspirin tablet which resembled the same type of tablet sold by plaintiffs. Plaintiffs further allege that the trade dress and trade names used by Pennex's customers infringe plaintiffs' trademark rights in these over-the-counter drug products.

Pennex has moved this court for leave to serve a Third-Party Complaint upon the proposed third-party defendants for contribution in the event that a judgment is rendered against Pennex.

## DISCUSSION

The alleged basis for the motion *sub judice* is that the third-party defendants have participated in the same conduct as Pennex with respect to the sale of generic aspirin which allegedly infringe plaintiffs' trademark and proprietary rights.

■ The conduct alleged to have transpired is a tort. As a leading authority in this area has stated: "since trademark infringement and unfair competition are tortious, the doctrine of joint tortfeasors is applicable." J. McCarthy, *Trademarks & Unfair Competition,* § 25:3A at 246–47 (2d Ed.1984).

■ The six proposed third-party defendants are joint tortfeasors, since, as McCarthy points out:

> all persons who ... actively take part in ..., lend aid, ... or ratify and adopt the acts done, are equally liable as the person who performs the tortious act itself.

*Id.*

■ Because the six Pennex customers are potentially liable, they may be impleaded. *See Stabilisierungsfonds Fur Wein, et al. v. Kaiser Stuhl Wine Distributors Pty, Ltd.,* 647 F.2d 200, 207 (D.C.Cir.1981) ["A defendant who might desire contribution against a co-joint tortfeasor can invoke the impleader procedure...."]. "If the governing substantive law recognizes a right of contribution, impleader under Rule 14 is a proper procedure by which to seek relief from joint tortfeasors."[2] 6 Wright and Miller, *Federal Practice and Procedure,* § 1448 at 263 (1978).

Under Rule 14(a) of the Federal Rules of Civil Procedure, which states in relevant part that "... a defending party, as third-party plaintiff, may cause a summons or complaint to be served upon a person not a party to the action, ..." and "... need not obtain leave of court to make the service if he files a third-party complaint not later than ten (10) days after he serves his original answer; ..." Fed.R.Civ.P. 14(a). Additionally, the rule provides that "any party may move to strike the third-party claim or for its severance or separate trial." Fed.R. Civ.P. 14(a).

■ Plaintiffs contend ultimate liability rests upon the defendant, that plaintiffs do not desire to initiate claims against the

**2.** *See also* Pennsylvania Uniform Contribution Among Joint Tortfeasors Act, 42 Pa.Cons.Stat. Ann. §§ 8321 et seq., which gives Pennex a statutory right to contribution against the proposed third-party defendants.

retail drug stores because they are plaintiffs' customers. Plaintiffs claim it would be embarrassing to have their customers in this lawsuit. Yet, embarrassment has no bearing on Pennex's right to join the six Pennex customers allegedly needed for a just adjudication. "[I]t is irrelevant to the defendant's right to bring in a third-party claimed to be liable to the defendant, that the plaintiff ... declines to assert a claim against him." J. Moore, 3 *Moore's Federal Practice* ¶ 14.10 at 14–62 (1984).

Additionally, the legal issues involving the proposed third-party defendants are precisely the same as those involving Pennex. There will be no complication of the legal issue as asserted by plaintiffs. Indeed, those issues will be narrowed and will be more efficiently handled in a single trial than they would be in a separate action brought by Pennex against the six other parties. Separate actions would cause a multiplicity of litigation.

■ Rule 14 should be liberally construed to effectuate its intended purpose of "accomplishing in one proceeding the adjudication of the rights of all persons concerned in the controversy and to prevent the necessity of trying several related claims in different lawsuits." *U.S. v. Acord,* 209 F.2d 709, 712 (10th Cir.1954), *cert. denied,* 347 U.S. 975, 74 S.Ct. 786, 98 L.Ed. 1115 (1954); *see also, Goodrich v. Burlington Northern R. Co.,* 701 F.2d 129, 130 (10th Cir.1983). The underlying purpose of Rule 14 is to avoid circuity of action and multiplicity of litigation. 6 Wright and Miller, *Federal Practice and Procedure,* § 1442 at 205 (1978).

An appropriate Order follows.

### ORDER

AND NOW, this 14th day of August, 1984, consistent with the foregoing Memorandum, it is ORDERED that Defendant's Motion for Reconsideration of Defendant's Motion to Implead Third-Party Defendant is GRANTED.