■ MARVIN CHARNEY et al., Respondents, v HYMAN MUSS et al., Defendants and Third-Party Plaintiffs-Appellants. CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., Third-Party Defendant-Respondent.—In an action to recover damages for personal injuries, the defendants third-party plaintiffs appeal from (1) an order of the Supreme Court, Queens County (Graci, J.), dated September 11, 1984, which, inter alia, granted the plaintiffs' motion to amend the ad damnum clause of their complaint to conform to the proof and denied the defendants' motion to set aside the jury verdict and (2) a judgment of the same court dated October 17, 1984, which, after a bifurcated jury trial, was in favor of the plaintiffs Marvin Charney and Anne Charney and against the defendants third-party plaintiffs in the principal sums of $2,813,430 and $275,000, respectively.

Appeal from the order dismissed, without costs or disbursements (see, Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

Judgment modified, on the law and the facts, and as an exercise of discretion, by (1) adding thereto a provision reinstating the third-party complaint, severing the third-party action, and remitting the matter to the Supreme Court, Queens County, for a trial thereof, and for an apportionment of damages pursuant to Dole v Dow Chem. Co. (30 NY2d 143) in the event it is determined by the trier of facts that the defendants third-party plaintiffs and the third-party defendant

were liable for the damages suffered by the plaintiffs, and (2) deleting therefrom the decretal paragraphs awarding the plaintiffs Marvin Charney and Anne Marie Charney damages in the principal sums of $2,813,430 and $275,000 respectively, and substituting therefor a provision granting a new trial on the issue of damages unless, within 20 days after service upon the plaintiffs of a copy of the order to be made hereon, together with notice of entry, the plaintiffs shall serve and file in the office of the Clerk of the Supreme Court, Queens County, written stipulations consenting to decrease the awards of damages from the principal sums of $2,813,430 and $275,000 to the principal sums of $1,200,000 and $175,000, respectively, and to the entry of an amended judgment accordingly, and as so modified, judgment affirmed, without costs or disbursements. In the event that the plaintiffs so stipulate, then the judgment, as so modified, reduced and amended is affirmed, without costs or disbursements. Order modified accordingly. The findings of the fact regarding the liability of the defendants to the plaintiffs are affirmed.

The plaintiffs commenced the instant action to recover damages for the injuries the plaintiff Marvin Charney sustained when he tripped on a loose tile on the premises owned by the defendants third-party plaintiffs, and leased by his employer, the third-party defendant Consolidated Edison Company of New York, Inc. (hereinafter Con Ed). At the close of the entire case on the issue of liability, the court dismissed the third-party complaint upon Con Ed's motion. In so ruling, the trial court erred. The jury could have found from the evidence, viewed in a light most favorable to the third-party plaintiffs (see, e.g., Rhabb v New York City Hous. Auth., 41 NY2d 200; Kahn v Gates Constr. Corp., 103 AD2d 438), inter alia, that Con Ed, the third-party defendant, breached its own duty to the plaintiffs (Putnam v Stout, 38 NY2d 607; Labor Law § 200), thereby contributing to the accident. Consequently, a new trial has been granted as to the third-party complaint against Con Ed. If the trier of facts determines that the defendants and the third-party defendant were at fault and contributed to the accident, an apportionment of damages would then have to be made pursuant to Dole v Dow Chem. Co. (30 NY2d 143, supra; see also, Howell v Bennett Buick, 52 AD2d 590; Mickens v Marascio, 58 NJ 569, 279 A2d 666, 669; Keitz v National Paving & Contr. Co., 214 Md 479, 136 A2d 229, 231-235; cf. Cooperman v Ferrentino, 37 AD2d 474, 479).

Finally, the damages awarded to the plaintiffs were exces-

sive to the extent indicated. Lazer, J. P., Mangano, Lawrence and Eiber, JJ., concur.