**MONARCH LIFE INSURANCE CO.**

v.

**Mary Ellen DONAHUE, Executrix of the Estate of Ricky Donahue, Mary Ellen Donahue, in her own right and as Guardian for her minor son, Joshua Donahue and Joshua Donahue**

v.

**MERRILL LYNCH, PIERCE, FENNER & SMITH, INC.**

Civ. A. No. 88–6509.

United States District Court,
E.D. Pennsylvania.

Jan. 13, 1989.

---

See also, D.C., —— F.Supp. ——.

Alan K. Cotler, Pepper, Hamilton & Scheetz, Philadelphia, Pa., for plaintiff.

Dennis S. Feeley, Cohen, Knaso, Feeley & Ortwein by Michael P. Shay, Easton, Pa., for defendants Mary Donohue, et al.

C. Clark Hodgson, Jr., Stradley, Ronon, Stevens & Young by Stephen C. Baker, Philadelphia, Pa., for defendants Merrill, Lynch, Pierce, Fenner & Smith, Inc.

## MEMORANDUM AND ORDER

KATZ, District Judge.

*Background*

In 1986, plaintiff Monarch Life Insurance Company ("Monarch") issued to Ricky Donahue a life insurance policy in the face amount of $179,518. The policy was issued on the basis of an application submitted by Donahue in October, 1986. Donahue, who suffered from numerous medical problems, died in December, 1987. Alleging that Donahue knowingly falsely and materially misrepresented the state of his health and medical condition in the October, 1986 application, and that it relied on these misrepresentations in issuing the life insurance policy, plaintiff brings this declaratory judgment action against defendants seeking a declaration that the policy is void *ab initio*. Defendants, Donahue's widow/executrix and minor son ("Donahues"), counterclaim for a declaratory judgment that the life insurance policy issued by Monarch is legally binding and to be given full force and effect by Monarch. The Donahues have also brought Merrill Lynch, Pierce, Fenner and Smith, Inc. ("Merrill Lynch")

into the case as third-party defendants. In their third-party complaint, the Donahues allege that the application for life insurance was filled out in the presence and with the assistance of an employee of Merrill Lynch who had served as the Donahues' investment broker since 1981, and that if the application was filled out improperly, it was due to the fault of Merrill Lynch. While the claim for relief against Merrill Lynch is murkily stated,[1] fairly read the essence of the Donahues' contention appears to be that in the event the policy is declared null and void, Merrill Lynch is liable under a negligence or fraud theory to the Donahues in damages for the face amount of the policy.

The case is currently before the court on Merrill Lynch's motion to dismiss the third-party complaint for failure to state a proper claim, or, in the alternative, to compel arbitration of all claims between Merrill Lynch and the Donahues. The Donahues have filed a brief in opposition to Merrill Lynch's motion, and Merrill Lynch has filed a reply brief thereto.

*Discussion*

Merrill Lynch's motion for dismissal is predicated on the argument that it has been improperly joined as a third-party defendant in this case under Federal Rule of Civil Procedure 14(a). The rule provides, in pertinent part: "At any time after commencement of the action a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff." Fed.R.Civ.P. 14(a). The gist of Merrill Lynch's argument is that third-party joinder is improper here because insofar as Monarch's original action seeks a declaratory judgment against the Donahues, there is no liability on the part of the Donahues which could be passed on to Merrill Lynch. The policies behind the rule and the case law on the subject lead me, however, to a different conclusion.

It is well-settled that Rule 14 should be liberally construed to accomplish its intended aim of "accomplishing in one proceeding the adjudication of the rights of all persons concerned in the controversy and to prevent the necessity of trying several related claims in different lawsuits." *Smithkline Beckman Corp. v. Pennex Products Co., Inc.*, 103 F.R.D. 539, 541 (E.D.Pa.1984), quoting *U.S. v. Acord*, 209 F.2d 709, 712 (10th Cir.1954), *cert. denied*, 347 U.S. 975, 74 S.Ct. 786, 98 L.Ed. 1115 (1954). Nonetheless, there are limits to the rule's range. A third-party complaint must attempt "to transfer to the third-party defendant the liability asserted against him by the original plaintiff." *Baltimore & Ohio R. Co. v. Central Ry. Serv., Inc.*, 636 F.Supp. 782, 786 (E.D.Pa.1986). In other words, under Rule 14(a), third-party complaints are appropriate "only in cases where the proposed third-party defendant would be secondarily liable to the original defendant in the event the latter is held to be liable to the plaintiff." *Barab v. Menford*, 98 F.R.D. 455, 456 (E.D.Pa.1983).

This is such a case. The Donahues' third-party complaint seeks to hold Merrill Lynch responsible for the damages they would incur if the life insurance policy is found by this court to be null and void. The fact that the *relief* demanded by the Donahues from Merrill Lynch—money damages—is fundamentally different from that demanded of them by Monarch—a declaratory judgment as to the status of the insurance policy—does not, as Merrill Lynch contends, necessarily give rise to a violation of Rule 14(a). The Rule requires neither an identity of claims nor even that the claims rest on the same legal theory. *See American Fidelity & Casualty Co. v. Greyhound Corp.*, 232 F.2d 89 (5th Cir. 1956), cited in 3 Moore's Federal Practice ¶ 14.07[1], at 14–41 (1987). More to the point is the fact that the determination of

---

1. The third-party complaint asserts at ¶¶ 23–24 that "by virtue" of Merrill Lynch's employee's "purposefully or negligently fill[ing] out the application improperly," Merrill Lynch "is liable for any alleged misrepresentations in the aforesaid application for life insurance with Monarch."

Merrill Lynch's potential *liability* to the Donahues must await disposition of the original dispute in this case, that is, whether the Donahues are liable to Monarch.

While there is no case decided in this district or circuit on similar facts, *United of Omaha Life Insurance Co. v. Reed,* 649 F.Supp. 837 (D.Kan.1986), is virtually on point. In that case, plaintiff, an insurance company ("United"), instituted a declaratory judgment action seeking clarification regarding its liability to the executrix ("Reed") of an individual deceased for claims under an insurance policy issued to the decedent. United contended that the policy was void because, unbeknownst to United at the time, when the policy was applied for and issued Reed's decedent did not properly qualify for insurance. Reed counterclaimed against United for its failure to pay on the policy and in addition filed a third-party complaint against the alleged insurance agent of United, Owens, charging Owens with having knowingly misrepresented that Reed's decedent qualified for the insurance in question. Reed's third-party complaint sought to hold Owens responsible for any actual damages that Reed would incur if the court declared that Reed's decedent had no coverage under the United policy.

On these facts the court held that the third-party complaint against the insurance agent was proper under Rule 14(a). 649 F.Supp. at 842. I see no meaningful distinction between that case and the one at bar. While recognizing that a hypertechnical reading of the rule may not encompass this result, I conclude that the policy underlying Rule 14 and the Federal Rules in general to facilitate judicial economy, avoid circuitous and inefficient litigation, and "to secure the just, speedy, and inexpensive determination of every action," Fed.R.Civ. P. 1, compels a somewhat more expansive reading in this case. Accordingly, I hold that the impleader of Merrill Lynch as a third-party defendant is proper here. *See also Old Republic Insurance Co. v. Concast, Inc.* 99 F.R.D. 566 (S.D.N.Y.1983) (third-party complaint alleging that third-party defendant liable to defendant/third-party plaintiff for damages that defend-ant/third-party plaintiff would incur if court issued declaratory judgment that defendant/third-party plaintiff not covered under insurance policy between it and plaintiff; court held impleader proper under Rule 14(a)).

■ In the alternative, Merrill Lynch argues that pursuant to an arbitration clause contained in a "Customer Agreement" executed between Ricky Donahue and Merrill Lynch on June 6, 1981, this court should issue an order compelling arbitration of any claims made by the Donahues against Merrill Lynch. The arbitration clause reads, in pertinent part:

It is agreed that any controversy between us arising out of your business or this agreement shall be submitted to arbitration conducted under the provisions of the Constitution and Rules of the Board of Governors of the New York Stock Exchange, Inc. or pursuant to the Code of Arbitration Procedure of the National Association of Securities Dealers, Inc., as the undersigned may elect.

The language of this clause being worded in a general way to include "any controversy" between the parties, I shall grant Merrill Lynch's motion compelling arbitration of any claims made against it by the Donahues.

An appropriate order follows.

### ORDER

AND NOW, this 13th day of January, 1989, upon consideration of Motion of Third–Party Defendant Merrill Lynch, Pierce, Fenner and Smith, Inc. to Dismiss Third–Party Complaint or, in the Alternative, Compel Arbitration, the Brief of Defendants in Opposition to Motion of Merrill Lynch, Pierce, Fenner and Smith, Inc., Third–Party Defendant, and the reply of Merrill Lynch, Pierce, Fenner and Smith, Inc. thereto, it is hereby ORDERED as follows:

1. The motion to dismiss the third-party complaint is DENIED.

2. The motion to compel arbitration is GRANTED. All claims against Merrill

Lynch, Pierce, Fenner and Smith, Inc. shall be referred to arbitration in accordance with the terms of an agreement between Merrill Lynch, Pierce, Fenner and Smith, Inc. and Ricky Donohue. Any claims against Merrill Lynch, Pierce, Fenner and Smith are stayed pending completion of the arbitration proceeding.