■ MARVIN CHARNEY et al., Plaintiffs, v HYMAN MUSS et al., Doing Business as ALLIED ST. GEORGE Co., Defendants and Third-Party Plaintiffs-Respondents. CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., Third-Party Defendant-Appellant.—In a third-party action for contribution, the third-party defendant appeals from a judgment of the Supreme Court, Queens County (Corrado, J.), entered October 29, 1987, which upon a jury verdict finding that it was 30% at fault in causing the damages suffered by the plaintiffs in the main action, is in favor of the third-party plaintiff and against it in the principal sum of $492,445.89.

Ordered that the judgment is affirmed, with costs.

The plaintiffs commenced the main action to recover damages for the injuries sustained by the plaintiff Marvin Charney, a senior design technician, when he tripped on a loose tile on premises owned by the defendant third-party plaintiff, and leased by his employer, the third-party defendant Consolidated Edison Company of New York, Inc. (hereinafter Con Ed). At the close of the entire case on the issue of liability, the Supreme Court dismissed the third-party complaint upon Con

Ed's motion. The jury thereafter found in favor of the plaintiff against the defendant third-party plaintiff.

In a prior appeal involving the same parties, this court held, *inter alia,* that the trial court erred in dismissing the third-party complaint *(see, Charney v Muss,* 122 AD2d 825). This court reinstated the third-party complaint, severed the third-party action, and remitted the matter to the Supreme Court, Queens County, for a trial thereof, and for an apportionment of damages pursuant to *Dole v Dow Chem. Co.* (30 NY2d 143) "in the event it is determined by the trier of facts that the defendants third-party plaintiffs and the third-party defendant were liable for the damages suffered by the plaintiffs" *(Charney v Muss, supra,* at 825-826). Specifically, this court stated: "The jury could have found from the evidence, viewed in a light most favorable to the third-party plaintiffs *(see, e.g., Rhabb v New York City Hous. Auth.,* 41 NY2d 200; *Kahn v Gates Constr. Corp.,* 103 AD2d 438), *inter alia,* that Con Ed, the third-party defendant, breached its own duty to the plaintiffs *(Putnam v Stout,* 38 NY2d 607; Labor Law § 200), thereby contributing to the accident. Consequently, a new trial has been granted as to the third-party complaint against Con Ed. If the trier of facts determines that the defendants and the third-party defendant were at fault and contributed to the accident, an apportionment of damages would then have to be made pursuant to *Dole v Dow Chem. Co.* (30 NY2d 143, *supra; see also, Howell v Bennett Buick,* 52 AD2d 590; *Mickens v Marascio,* 58 NJ 569, 279 A2d 666, 669; *Keitz v National Paving & Contr. Co.,* 214 Md 479, 136 A2d 229, 231-235; *cf. Cooperman v Ferrentino,* 37 AD2d 474, 479)" *(Charney v Muss, supra,* at 826).

Following a second jury trial, Con Ed was found to be 30% at fault in causing the damages suffered by the plaintiffs.

An examination of the court's charge indicates that the issues of Con Ed's control of its second-floor offices and constructive notice were adequately explained to the jury. Moreover, a review of the record indicates that the jury's verdict which found Con Ed to be 30% at fault was not against the weight of the evidence.

We have reviewed Con Ed's remaining arguments and find them to be without merit. Mangano, J. P., Kooper, Sullivan and Harwood, JJ., concur.