**Bernice ERKINS, as Administratrix and Administratrix Ad Prosequendum of the Estate of Thomas Warren, Plaintiff,**

v.

**CASE POWER & EQUIPMENT CO., ABC Corporation (name being fictitious representing one or more manufacturers, designers, distributors, sellers, businesses, institutions, maintenance companies, suppliers or contractors) and John Doe (name being fictitious representing one or more individuals), Defendants.**

Civ. A. No. 95–1536 (WHW).

United States District Court,
D. New Jersey.

Oct. 27, 1995.

William T. Connell, Dwyer Connell & Lisbona, Montclair, NJ, for ECRACOM, Inc.

Michael J. Stone, Stephen G. Perrella, Hoagland, Longo, Moran, Dunst & Doukas, New Brunswick, NJ, for Fitzpatrick Associates.

Joseph K. Hetrick, Christopher J. Michie, Dechert, Price & Rhoads, Princeton, NJ, for Case Corporation.

## OPINION

PISANO, United States Magistrate Judge:

Presently before the Court is the motion of defendant Case Corporation for leave to file a third-party complaint. The putative defendants, T.A. Fitzpatrick Associates and EC-RACOM, Inc., have filed opposition, and the Court heard oral argument on October 23, 1995. For the reasons stated herein, defendants motion is granted.

## BACKGROUND

This action arises out of a construction accident that occurred on May 1, 1992, during the removal of underground fuel tanks at the Tenacre Foundation Nursing Home in Princeton, New Jersey. The Tenacre Foundation had solicited and accepted a bid from T.A. Fitzpatrick Associates, Inc. ("Fitzpatrick") for the removal of seventeen underground tanks. Fitzpatrick later accepted a bid from ECRACOM, Inc. ("ECRACOM") for certain work on the project, and ECRA-COM then subcontracted a portion of its contracted work to Thomas J. O'Beirne & Company, the decedent's employer.

While riding in the bucket of a backhoe on the construction site, plaintiff's decedent fell out of the bucket and under the wheels of the machine, suffering fatal injuries. Two years later plaintiff brought this products liability action against Case Power Equipment Corporation ("Case"), which manufactured the backhoe in question. Plaintiff's suit seeks to hold Case strictly liable for failing to provide adequate warnings regarding the dangers associated with riding in the bucket of the backhoe. Plaintiff has not named Fitzpatrick or ECRACOM as defendants in this action, despite having indicated at the initial conference that it intended to do so.

Case maintains the position that the accident was solely the result of plaintiff's carelessness. In the event that the issue of its responsibility for the accident is submitted to a jury, however, Case seeks contribution from Fitzpatrick and ECRACOM based on their alleged negligence for failing to conduct safety meetings at the construction site. The essence of the proposed third-party complaint is that Fitzpatrick's and ECRACOM's alleged negligence was a contributing factor in the accident, and therefore any recovery by the plaintiff should be apportioned according to the relative faults of Case, Fitzpatrick, and ECRACOM. Through this motion, Case seeks leave to file a third-party complaint against Fitzpatrick and ECRACOM in order to permit this apportionment of responsibility in a single proceeding.

## DISCUSSION

A motion for leave to file a third-party complaint impleading new parties is governed by Federal Rule of Civil Procedure 14(a) which provides in pertinent part:

> At any time after commencement of the action a defendant party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to the third-party plaintiff. The third-party plaintiff need not obtain leave to make the service if the third-party plaintiff files the third-party complaint not later than 10 days after serving the original answer. Otherwise, the third-party plaintiff must obtain leave on motion upon notice to all parties to the action.

*Fed.R.Civ.P.* 14(a). A primary purpose of Rule 14 is to avoid circuity of action and multiplicity of litigation. *Dysart v. Marriott Corp.*, 103 F.R.D. 15, 18 (E.D.Pa.1984). In pursuit of this goal, many courts consider the following factors when deciding a motion under Rule 14: 1) the timeliness of the motion, 2) the potential for complication of issues at trial, 3) the probability of trial delay, and 4) whether the plaintiff may be prejudiced by the addition of parties. *Con–Tech Sales Defined Benefit Trust v. Cockerham*, 715 F.Supp. 701, 703 (E.D.Pa.1989).

■ While courts construe Rule 14(a) liberally in the interest of judicial economy, *see Monarch Life Insurance Company v. Donahue*, 702 F.Supp. 1195, 1197 (E.D.Pa.1989), there are limits to the types of claims for which impleader is permissible. A defendant may only use Rule 14 to implead a third-party defendant where the third-party defendant is or may be liable to the defendant "derivatively or secondarily, and not to join a person who is or may be liable solely to the

plaintiff." *Demaio v. Cigna Corp.,* 1990 WL 117976, *2 (E.D.Pa.1990). Accordingly, the basis for third-party liability is generally either contribution or indemnity. *Anderson v. Dreibelbis,* 104 F.R.D. 415, 416 (E.D.Pa. 1984), *aff'd,* 787 F.2d 580 (3d Cir.1986).

Procedurally, Rule 14(a) clearly allows a defendant to file an action to join a third-party in an attempt to avoid duplicative proceedings. *Monarch Life Ins.,* 702 F.Supp. at 1195; *Fed.R.Civ.P.* 14(a). The issue then becomes whether, from a substantive standpoint, New Jersey law permits a defendant in a strict products liability action to seek contribution from a third-party under a negligence theory.

■ Plaintiff has asserted strict products liability claims against Case for failure to warn. The putative third-party defendants argue that Case may not maintain negligence claims against them because those claims do not comprise "all or part" of plaintiff's original claim against Case as required by Federal Rule 14. Fitzpatrick and ECRACOM argue that impleader is inappropriate in this case because the third-party negligence claims are independent from and unrelated to the potential strict liability of the original defendant.

The Court finds the logic of this argument to be directly contrary to the purpose of Rule 14 and the law of contribution in New Jersey. Under the New Jersey Joint Tortfeasors Contribution Act, a right of contribution arises when the "injury or damage is suffered by any person as a result of the wrongful act, neglect or default of joint tortfeasors." N.J.S.A. 2A:53A–3. In such cases a joint tortfeasor may recover contribution from another tortfeasor for any excess paid in satisfaction of a judgment "over his pro rata share." *Id.*

The statute defines joint tortfeasors to mean "two or more persons jointly or severally liable in tort for the same injury to person or property." N.J.S.A. 2A:53A–1. Thus, the parties must either act together in committing the wrong, or their acts, if independent of each other, must unite in a single injury. If found to be liable for the decedent's accident, Case, Fitzpatrick, and EC-RACOM satisfy this definition. Each party would be held liable in tort for plaintiff's injury: Case because of its failure to warn of the dangers of its product and Fitzpatrick and ECRACOM because of their negligence in failing to conduct safety meetings. That the plaintiff has not commenced its own suit against Fitzpatrick and ECRACOM does not prevent those parties from being joint tortfeasors under the Act.

■ Contrary to the arguments presented by Fitzpatrick and ECRACOM, the statute contains no requirement that joint tortfeasors be liable in tort under the same theories of liability. Further, New Jersey case law consistently holds that joint tortfeasors may be held liable under different theories of recovery. *See Dunn v. Praiss,* 139 N.J. 564, 577–78, 656 A.2d 413 (1995); *Cartel Capital Corp. v. Fireco,* 81 N.J. 548, 566–68, 410 A.2d 674 (1980); *Adler's Quality Bakery, Inc. v. Gaseteria,* 32 N.J. 55, 77, 159 A.2d 97 (1960); *Tormo v. Yormark,* 398 F.Supp. 1159, 1178–81 (D.N.J.1975) (applying New Jersey law).

Similarly, other jurisdictions permit contribution between parties held liable under different theories of liability. *See, e.g., Howell v. Bennett Buick, Inc.,* 52 A.D.2d 590, 382 N.Y.S.2d 338, 340 *appeal denied,* 40 N.Y.2d 803, 387 N.Y.S.2d 1030, 356 N.E.2d 482 (Ct. App.1976) (permitting an automobile manufacturer liable under a warranty theory to seek contribution from a negligent automobile dealer); *Safeway Stores, Inc. v. Nest-Kart,* 21 Cal.3d 322, 146 Cal.Rptr. 550, 579 P.2d 441, 445–46 (1978) (permitting a supermarket liable for negligence to seek contribution from a company held strictly liable for the manufacture of a defective shopping cart).

Thus under New Jersey law, Case, Fitzpatrick, and ECRACOM may be joint tortfeasors, and each may be held liable to plaintiff under different theories of recovery. This result achieves the goal of the New Jersey Act to prevent plaintiffs from choosing which of multiple tortfeasors to sue and therefore electing unilaterally on whom to place the burden of a common fault. *See Dunn,* 139 N.J. at 575, 656 A.2d 413; *Markey v. Skog,* 129 N.J.Super. 192, 322 A.2d 513 (1974). Clearly, New Jersey's contribution scheme permits Case, if found to be strictly

## 34

liable to plaintiff, to institute a separate action for contribution against Fitzpatrick and ECRACOM based on their alleged negligence.

 Federal Rule 14 provides the vehicle through which Case may seek contribution in a single proceeding rather than commencing a second action for contribution after the imposition of liability in the original plaintiff's suit. That the joint tortfeasors' conduct gives rise to liability under two entirely different theories does not foreclose a third-party claim for contribution, nor does the fact that plaintiff has failed to sue either of the putative third-party defendants under any theory of recovery.

An examination of the previously enumerated equitable principles guiding a decision to allow impleader under Rule 14 also compels the conclusion that the Court grant Case leave to file third-party complaints against Fitzpatrick and ECRACOM. First, the Court finds that defendant's motion is timely. Second, the Court finds that joinder of the proposed third-parties will facilitate resolution of the liability issues without creating unnecessary complications. Third, the Court finds that while impleader may delay trial, the delay will not be significant. Further, the third-party claims involve related issues that should be settled in a single lawsuit, and there is no indication that the additional claims will unduly complicate the case. Instead, joinder will promote justice and judicial economy by litigating several claims in a single proceeding. Finally, the Court finds that joinder of Fitzpatrick and ECRACOM presents no potential for prejudice to plaintiff. Accordingly, defendant Case's motion for leave to file a third-party complaint against Fitzpatrick and ECRACOM will be granted. An appropriate Order will follow.

### CONCLUSION

For the reasons stated above, the Court grants defendant Case Power and Equipment Corporation's motion for leave to file a third-party complaint against T.A. Fitzpatrick Associates and ECRACOM, Inc.