OLD REPUBLIC INSURANCE CO., Plaintiff,

v.

CONCAST, INC., Sumitomo Heavy Industries, Ltd., and Federal Insurance Company, Defendants.

CONCAST, INCORPORATED, Counterclaimant,

v.

OLD REPUBLIC INSURANCE CO., Counterclaim Defendant.

CONCAST, INC. and Sumitomo, Heavy Industries, Ltd., Third-Party Plaintiffs,

v.

FRED S. JAMES & CO. OF NEW YORK, INC., Third-Party Defendant.

No. 83 Civ. 0986 (RLC).

United States District Court, S.D. New York.

Sept. 20, 1983.

Leonard A. Sheft & Associates, New York City, for plaintiff; Norman J. Golub, New York City, of counsel.

Donovan, Leisure, Newton & Irvine, New York City, for defendant, counterclaimant, and third-party plaintiff Concast Inc.; Paul A. Crotty, John P. Casaly, New York City, of counsel.

Reid & Priest, New York City, for defendant and third-party plaintiff Sumitomo Heavy Industries; Charles F. Schirmeister, John M. Nonna, New York City, of counsel.

Skadden, Arps, Slate, Meagher & Flom, New York City, for third-party defendant, Fred S. James & Co.; Bell, Boyd & Lloyd, Chicago, Ill., of counsel.

## OPINION

ROBERT L. CARTER, District Judge.

The issue to be decided here on motion of third-party defendant Fred S. James & Co. of New York ("James") involves the proper standard for impleading a third-party defendant under F.R.Civ.P. 14(a) in the context of a declaratory judgment action. Plaintiff in the main action, Old Republic Insurance Co. ("Old Republic"), a company carrying excess insurance, sued Concast, Inc. ("Concast"), Sumitomo Heavy Industries, Ltd. ("SHI") and Federal Insurance Company for a declaratory judgment that its insurance policy with Concast does not provide coverage to SHI. Concast counterclaimed against Old Republic for breach of contract and bad faith in denying coverage to SHI. Concast and SHI also impleaded James, alleging that James is responsible for any liability that Concast or SHI may

incur if Old Republic is not required to indemnify SHI.

James moves to dismiss the third-party complaints because they do not seek to hold James liable for all or part of the plaintiff's claim against defendants (third-party plaintiffs), and, therefore, James maintains, impleader is improper under Rule 14(a). James asserts too that, in any case, the broad policy of Rule 14 favoring judicial economy will not be served by allowing defendants to proceed with their third-party complaints.

Certain facts are key in evaluating James' motion. Concast entered into a sub-contract with SHI for work involved in forming a part of a casting complex. The sub-contract provided that Concast would cover SHI as an additional named insured under Concast's own insurance policy with regard to claims arising from the casting complex. To effect this agreement Concast claims that it instructed James to include coverage for SHI in its own insurance policy with Old Republic. The third-party complaint also avers that James informed Concast that coverage for SHI had been obtained. When claims arose against Concast, SHI and others, alleging damages resulting from the design, manufacture or use of the casting complex, Old Republic denied coverage.

James' first argument to dismiss the third-party complaints relies considerably on a classical indemnity model of Rule 14(a). Specifically, James contends that the third-party complaints should be dismissed because they seek only to recover defendants' own damages and not to "pass on" liability for damages that defendants may have with respect to Old Republic. For most cases, James correctly interprets the requirements of Rule 14(a); impleader may properly occur only in cases where a third-party defendant's liability derives from or is secondary to that of defendants. *Index Fund, Inc. v. Hagopian,* 417 F.Supp. 738 (S.D.N.Y.1976) (Tenney, J.). In an action for declaratory judgment, however, such an interpretation of the Rule makes it logically impossible for defendants to maintain third-party complaints. Since Old Republic seeks only to absolve itself of liability to SHI, defendants will not be liable to Old Republic even if the latter is successful in its action. Consequently, neither Concast nor SHI can assert a claim to recover from James their own liability to Old Republic.

■ The court does not read Rule 14(a) as a blanket prohibition against third-party complaints in actions of this type. There is considerable discretion vested in the trial court in deciding whether to permit or strike a third-party complaint, *Keister v. Laurel Mt. Development Corp.,* 70 F.R.D. 10, 13 (W.D.Pa.1976), and it is clear that the policy behind the Rule, which is to facilitate judicial economy by avoiding multiple and circuitous suits, *United States v. Yellow Cab Co.,* 340 U.S. 543, 556, 71 S.Ct. 399, 407, 95 L.Ed. 523 (1951); *Dery v. Wyer,* 265 F.2d 804, 806–07 (2d Cir.1959); *Weisman v. Ashplant,* 326 F.Supp. 825, 827 (S.D.N.Y.1971) (Lasker, J.), should not be defeated by a narrow or technical interpretation of the Rule's requirements. *Marshall v. Pointon,* 88 F.R.D. 566, 568 (W.D.Okl.1980).

*American Fidelity & Casualty Co. v. Greyhound Corp.,* 232 F.2d 89 (5th Cir.1956), is directly on point. Faced with facts almost identical to those in this case, the Fifth Circuit upheld a third-party complaint pursuant to Rule 14(a). In that case, plaintiff, Excess Insurance Co., sought declaratory relief that it was not liable to defendant (Greyhound) for an injured party's claim asserted against the latter. Excess alleged that it had not received notice of the claim as required by the insurance contract. Greyhound brought a third-party complaint against the primary insurer on the theory that it should have provided the requisite notice. Greyhound claimed that if Excess was successful in avoiding liability to Greyhound, then the primary insurer, American Fidelity and Casualty Co., should be held liable for the claim against Greyhound; Greyhound claimed that American Fidelity had breached a duty owed to Greyhound to settle the case from which the insurance claim arose.

The court found that the facts in the main claim and third-party action were related closely enough to further the policy of Rule 14 by permitting the impleader. The court did not require an identity of claims or claims resting on the same theory. Even the facts supporting each claim could differ. The degree of disparity allowable, the court held, depended upon whether the advantages gained by joining the third-party defendant outweighed any prejudice which the impleaded party might suffer. 232 F.2d at 92. *Cf. Nelson v. Quimby Island Reclamation Dist. Facilities Corp.,* 491 F.Supp. 1364, 1383–84 (N.D.Cal.1980).

Support for the court's exercise of discretion in favor of allowing the third-party complaint is as strong, if not stronger, in this case. As in *American Fidelity & Casualty Co., supra,* the questions in both the main proceeding and the third-party complaint here turn on substantially the same facts. Indeed, as third-party plaintiffs point out, the common issues in the main action and third-party complaint are more circumscribed and interwoven in this case than those in *American Fidelity & Casualty Co.* A decision regarding the contract issue of whether Old Republic's insurance policy covers SHI will certainly require evidence regarding negotiations between Old Republic and James. That evidence forms a core of facts that plays a significant role in the resolution of both the main claim and the third-party complaint. James' testimony will be vital to the case and it would be wastefully duplicative to require Concast and SHI to proceed against it in a separate case. *Cf. Crompton-Richmond Co., Inc., Factors v. United States,* 273 F.Supp. 219, 221 (S.D.N.Y.1967) (Frankel, J.). Moreover, impleader not only saves the time and expense of reduplication of evidence, it increases the likelihood that consistent results may be obtained from similar or identical evidence.

■ Third-party defendant is also incorrect in relying on *United States v. Joe*

*Grasso & Son, Inc.,* 380 F.2d 749 (5th Cir. 1967). The court in *Grasso* affirmed the classical indemnity model of Rule 14(a), but it did not preclude all third-party actions in which the third-party defendant would not be held liable directly for the judgment of the original defendant. Rather, it rejected the third-party complaint because it found too tenuous a relationship between the liability of the third-party and the outcome of the main claim. The same cannot be said regarding James' liability here. At least some of the claims that defendants Concast and SHI have asserted against James depend on what this court finds regarding the scope of Concast's insurance policy with Old Republic. If the court finds that SHI is not included in Concast's policy, James may be found liable for breach of contract or for breach of its fiduciary duties to Concast.[1] On the other hand, if Old Republic is unsuccessful in its suit against defendants, third-party defendant will avoid most of its potential liability to them.

In addition, while third-party defendant correctly characterizes the connection between the claims as a "but for" relationship, it incorrectly urges dismissal on this basis. In *Southeast Mortgage Co. v. Mullins,* 514 F.2d 747 (5th Cir.1975), the court dismissed the third-party complaint because it found that this was the *sole* connection between the main claim and the third-party action. An independent and separate claim cannot be brought against a third-party simply because a "but for" relationship is alleged. Here, however, the third-party claim is not independent of the main action. What James did nor did not do is crucial in both cases.

■ Finally, James fails to detail the prejudice it will suffer if the complaints are allowed to stand. The relevant reference point in determining prejudice is not the relative resources that James will expend in defending, as opposed to not defending, the third-party action. Rather, prejudice to a third-party defendant must be measured by

---

1. F.R.Civ.P. 14(a) is not limited to situations where the third-party defendant will automatically be liable to the defendant. *McGee v.*

*United States,* 62 F.R.D. 205, 208–09 (E.D.Pa. 1973).

whether the third-party defendant will incur greater expense or be at a greater disadvantage in defending a third-party suit than in defending a separate action brought against it. *American Fidelity & Casualty Co. v. Greyhound Corp., supra* at 92; *cf. Angel v. Seattle-First Nat'l Bank,* 653 F.2d 1293 (9th Cir.1981).

James will not suffer undue prejudice in this regard.[2] Nor has it claimed that prosecution of the third-party complaint will complicate or delay resolution of the main action. *Taylor v. G I Export Corp.,* 78 F.R.D. 494, 496 n. 2 (E.D.N.Y.1978). In fact the opposite is the case.

■ Both claims involve an overlap of factual and legal issues—the extent of Old Republic's insurance coverage. Resolving these in a single trial is far more economical and efficient than conducting two separate trials. In addition, addressing both claims in a single trial makes it more likely that the court may produce a complete and enduring resolution of the issues. Because James is unable to show that the benefits of impleader in this case are outweighed by either inconvenience or prejudice, James' motion to dismiss the third-party complaints is denied.

IT IS SO ORDERED.

---

**2.** *James seeks to distinguish this case from American Fidelity & Casualty Co., supra, and to demonstrate prejudice resulting from the third-party action by arguing that it is significant that there has not been a judgment rendered against SHI in the personal injury actions. (In American Fidelity & Casualty Co., the court had found Greyhound liable on the underlying personal injury suit.)* The factual difference does not substantiate prejudice in this case. First, because of the nature of the claim against James it may be held liable to third-party plaintiffs *regardless of whether SHI is financially accountable to the injured parties.* Second, it is clearly established that Rule 14(a) authorizes impleader of a party "who is *or may be* liable." 3 Moore's Federal Practice ¶ 14.08.