**UNITED OF OMAHA LIFE INSURANCE COMPANY, Plaintiff,**

v.

**Maxine REED, individually and as Administratrix of the Estate of Terry E. Reed, Defendant/Third Party Plaintiff,**

v.

**Herbert F. OWENS, Third Party Defendant.**

**Civ. A. No. 85–2321–O.**

United States District Court, D. Kansas.

May 23, 1986.

Robert W. McKinley, Richard N. Bien, Swanson, Midgley, Gangwere, Clarke & Kitchin, Kansas City, Mo., John J. Jurcyk, Robert D. Benham, McAnany, Van Cleave & Phillips, Kansas City, Kan., for plaintiff.

Larry E. Gregg, Gregg, Barker & Johnson, Jerry W. Hannah, Hamilton & Hannah, Topeka, Kan., for defendant/third party plaintiff.

Robert M. Sommers, James, Millert, Houdek, Tyrl & Sommers, Kansas City, Mo., Gregory A. Lee, Marshall, Davis, Bennett & Hendrix, Topeka, Kan., for third party defendant.

## MEMORANDUM AND ORDER

EARL E. O'CONNOR, Chief Judge.

Plaintiff, United of Omaha Life Insurance Company [hereinafter United] instituted this action against Terry E. Reed seeking a declaratory judgment regarding its liability for claims under an insurance policy it issued to him. Maxine Reed [hereinafter Reed] was later substituted for Terry Reed after his death. Reed consequently filed a counterclaim against United for its failure to pay on the policy and a third party complaint against Herbert F. Owens [hereinafter Owens], the alleged insurance agent of United. United in turn filed a third party claim against Owens seeking indemnification for any damages Reed may recover against it.

Beginning in 1967, Terry Reed was employed by Franklin County, Kansas and was covered by its group employee health insurance policy provided by The Equitable. On August 1, 1983, he took a leave of absence from his employment. After his leave of absence became effective, he tendered insurance premiums to Franklin County, who included these payments along with the County's insurance premium payments to The Equitable. On December 1, 1983, the County converted its group policy to one provided by United. Thereafter, Terry Reed continued to pay insurance premiums to the County and the County included his payments with their

payment of insurance premiums to United. The County never notified United that Terry Reed was on leave of absence.

On July 9, 1984, Terry Reed converted his group coverage to an individual policy of insurance with United, without United's knowledge that he was on leave of absence. Less than a month later, he resigned from his employment with Franklin County. He has submitted claims to United for medical expenses incurred from the period December 21, 1984, through January 4, 1985. United contends that it has no obligation to pay these claims because Terry Reed was never insured by United. According to both the policy of insurance and the employee handbook, an employee is no longer eligible for group coverage when the employee goes on leave of absence. Because Terry Reed was no longer eligible for group insurance, he could not convert to an individual policy.

Reed has counterclaimed against United, alleging that Owens, as United's agent, represented to Terry Reed that he would have group insurance coverage and that he was eligible to convert this group coverage to individual coverage. At the time Owens made these representations, Reed claims that Owens was aware that Terry Reed was on leave of absence and that he had resigned effective August 1, 1984. Reed contends that at all times the required insurance premiums were paid and that United accepted each of the payments. Reed seeks payment of benefits under the policies and damages for inconvenience, mental anguish, humiliation, damages to reputation, defamation of credit, attorney's fees and punitive damages. Reed makes similar claims against Owens in the third party complaint.

Owens has moved to dismiss Reed's third party complaint and United's third party claim. Additionally, United has moved to dismiss Reed's counterclaim.

## I. *United's Motion to Dismiss Reed's Counterclaim*

United seeks dismissal of Reed's counterclaim on the basis that Kansas law does not recognize a cause of action for the tort of bad faith. *See Spencer v. Aetna Life & Casualty Insurance Co.*, 227 Kan. 914, 926, 611 P.2d 149, 158 (1980). We agree with United that Reed may not recover under this cause of action and thus, Reed's claim for bad faith must be dismissed. We recognize, however, that a cause of action exists under the facts of this case for misrepresentation (*see Earth Scientists v. United States Fidelity & Guaranty Co.*, 619 F.Supp. 1465, 1472–73 (D.Kan.1985)) and for reformation of the policy to reflect the agreements actually made (*see Stewart v. The Commonwealth Casualty Company of Philadelphia*, 137 Kan. 919, 923–25, 22 P.2d 435, 436–38 (1933)). We find that Reed has sufficiently alleged a claim to recover under those theories. Furthermore, we note that Reed has sufficiently pleaded in the alternative a claim for breach of the insurance contract.

We note that punitive damages are normally recoverable under a claim for misrepresentation. *See Augusta Bank and Trust v. Broomfield*, 231 Kan. 52, 63, 643 P.2d 100, 109 (1982). United, however, argues that *Spencer* precludes the award of punitive damages in this case. *Spencer* states that in a suit by an insured against his insurer to recover under the policy, the insured may recover extracontractual damages (such as punitive damages) only if there is an independent tort or wrong causing additional injury. 227 Kan. at 920, 611 P.2d at 154. United contends that, assuming misrepresentations occurred, no *additional injury* was caused. Consequently, Reed may not recover any extracontractual damages. We must agree.

The court in *Guarantee Abstract & Title Co. v. Interstate Fire and Casualty Co.*, 232 Kan. 76, 652 P.2d 665 (1982), elaborated on the circumstances under which an insured may recover punitive damages:

> Damages for breach of contract are limited to pecuniary losses sustained and exemplary or punitive damages are not recoverable in the absence of an independent tort. *Temmen v. Kent-Brown Chev. Co.*, 227 Kan. 45, 605 P.2d 95

(1980). This exception to the rule of unavailability of punitive damages in breach of contract actions is recognized when *some independent tort or wrong results in additional injury which justifies the assessment of punitive damages* by way of punishment of the wrongdoer. In such a case the proof of the independent tort must indicate the presence of malice, fraud or wanton disregard for the rights of others....

These general rules relative to breach of contract cases are also applicable to actions for breach of an insurance contract and, *in the absence of an independent tort, punitive damages may not be allowed. Spencer v. Aetna Life & Casualty Ins. Co.,* 227 Kan. 914, 611 P.2d 149 (1980); *Moffet v. Kansas City Fire & Marine Ins. Co.,* 173 Kan. 52, 244 P.2d 228 (1952).

232 Kan. at 79, 652 P.2d at 667 (emphasis added). *See also, Plains Resources, Inc. v. Gable,* 235 Kan. 580, 682 P.2d 653 (1984) (plaintiff allowed to recover punitive damages in a contract action only upon showing that independent tort resulted in additional damages).

■ In light of the foregoing, we conclude that Reed's claim for extracontractual damages must be dismissed in that Reed has failed to allege any additional injury or damages caused by the alleged misrepresentations. Consequently, Reed's claims for punitive damages, damages for inconvenience, mental anguish, humiliation and defamation of credit, and damage to reputation must be dismissed. Reed's claim for attorney's fees against United will be retained, as K.S.A. 40–256 (1981) provides that an insurance company must pay the insured's attorney's fees when the insured obtains a judgment against an insurance company that has refused to pay on the insurance claim without just cause or excuse. *See Spencer,* 227 Kan. at 923, 611 P.2d at 156.

II. *Owens' Motion to Dismiss the Third Party Complaint*

Owens contends that the third party complaint filed against him by Reed must be dismissed because it fails to allege an independent basis of federal jurisdiction. Owens correctly points out that the original complaint in this action is based upon diversity of citizenship: Plaintiff United is a Nebraska corporation and defendant and third party plaintiff Reed is a Kansas resident. Owens, the third party defendant, is also a Kansas resident. Consequently, no diversity jurisdiction exists between Reed and Owens, and the third party complaint must be dismissed. We disagree.

■ It is well established that a defendant's claim against a third party defendant is within the ancillary jurisdiction of the federal courts. 6 Wright & Miller, Federal Practice and Procedure § 1444 at 223. This doctrine recognizes the power of a federal court, once proper subject matter jurisdiction of the main claim has been established, to hear a claim arising out of the same transaction or occurrence asserted by the defendant against a non-diverse impleaded third party defendant. *See generally* 13 Wright, Miller & Cooper, Federal Practice and Procedure § 3523. In other words, in a diversity case, the defendant may properly implead a third party defendant without regard to the third party's citizenship. 6 Wright & Miller, Federal Practice and Procedure § 1444 at 224–25; Moore, Moore's Federal Practice ¶ 14.26 at 14–108.

This rule was not altered by the Supreme Court's decision in *Owen Equipment and Erection Co. v. Kroger,* 437 U.S. 365, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978). The *Owen* case held only that, in an action based on diversity of citizenship, an independent basis for federal jurisdiction must exist in order for the *plaintiff* to assert a claim against the third party defendant. *Id.* at 367, 377, 98 S.Ct. at 2399, 2404. *Owen* did not hold that an independent basis for federal jurisdiction must exist in order for the *third party plaintiff* to assert a claim against the third party defendant.

In light of the foregoing, we hold that this court has ancillary jurisdiction to hear

Reed's third party complaint against Owens. Owens' motion to dismiss the third party complaint for lack of diversity jurisdiction must therefore be denied.

■ In the alternative, Owens argues that the claims asserted in the third party complaint do not fall within the scope of Federal Rule of Civil Procedure 14. This rule provides that a defending party may serve a third party complaint against a person not a party to the action "who is or may be liable to him for all or part of the plaintiff's claim against him." Fed.R. Civ.P. 14(a). A third party claim may be asserted under this rule only when the third party's liability is in some way dependent on the outcome of the main claim or when the third party is secondarily liable to the defendant. 6 Wright & Miller, Federal Practice and Procedure § 1446 at 246. The original defendant's claim against a third party defendant cannot simply be a related claim or one arising against the same general background, but must be based upon the plaintiff's claim against the original defendant. *Id.* at 257. *See also United States Fidelity and Guaranty Co. v. American State Bank*, 372 F.2d 449, 450 (10th Cir.1967). Because the rule is designed to reduce the multiplicity of litigation, *United States v. Yellow Cab Co.*, 340 U.S. 543, 556, 71 S.Ct. 399, 407, 95 L.Ed. 523 (1951), it should be construed liberally. *United States v. Acord*, 209 F.2d 709, 712 (10th Cir.), *cert. denied*, 347 U.S. 975, 74 S.Ct. 786, 98 L.Ed. 1115 (1954). The granting or denial of leave to a defendant to prosecute a third party claim rests in the trial court's sound discretion. *Id.* at 714.

■ Owens contends that the third party claim asserted against him by Reed is not proper because United's initial action seeks a declaratory judgment, whereas the third party claim against Owens seeks monetary damages. Consequently, Owens cannot be considered secondarily liable to Reed. We are not persuaded by Owens' argument.

The court in *Old Republic Insurance Co. v. Concast, Inc.*, 99 F.R.D. 566 (S.D.N.Y.1983), rejected the same argument in a case with similar facts. In *Old Republic*, an excess insurer brought a declaratory judgment action against its insured, seeking a determination that it was not liable to pay on any claim filed by its insured. The insured impleaded its primary insurer, who the insured claimed had represented to him that Old Republic would provide excess coverage. The third party complaint alleged that the third party defendant was liable for any damages that the insured would incur if the court found that plaintiff was not covered under the Old Republic policy. *Id.* at 568.

The court held that the third party complaint was proper because questions in the main action and the third party complaint turned on substantially the same facts. A decision regarding whether Old Republic's insurance policy covered the insured would require evidence regarding negotiations between Old Republic and the primary insurer. That evidence "form[ed] a core of facts that play[ed] a significant role in the resolution of both the main claim and the third party complaint." *Id.* at 569. The court noted that the testimony of the third party defendant, the primary insurer, was vital to the case and concluded that it would be wastefully duplicative to require the insured to proceed against the primary insurer in a separate action. *Id.* Further, the court noted that the primary insurer had failed to show any reason why it would suffer prejudice if the complaint were allowed. Finally, the primary insurer had made no showing that prosecution of the third party complaint would complicate or delay resolution of the main action. *Id.*

In another similar case, the Fifth Circuit upheld the third party complaint. *See American Fidelity and Casualty Co. v. Greyhound Corp.*, 232 F.2d 89 (5th Cir. 1956). In that case, the plaintiff's secondary insurer sought a declaratory judgment that it was not required to pay an injured party's claim against the defendant insured's policy. The secondary insurer claimed the insured never gave notice of the claim as required by the policy. The insured brought a third party complaint against the primary insurer on the theory

that the primary insurer failed to provide the required notice. The insured claimed that if the plaintiff's secondary insurer was not required to pay on the policy, then the third party defendant primary insurer should be liable for those claims. The court held that the third party complaint was proper, given the similarity of facts and issues to be resolved and that the advantages gained by deciding the third party claim outweighed any possible prejudice to the third party defendant. *Id.* at 92.

We see no basis for distinguishing these cases from the one at bar. Reed's third party complaint seeks to hold Owens responsible for any liability that Reed will incur if the court declares Reed's decedent had no coverage under the United policy. Any decision about whether the decedent was covered by United's policy will certainly require evidence concerning the representations made by Owens about the policy. Furthermore, Owens has failed to show how prosecution of the third party complaint would cause him to suffer prejudice or unduly complicate this action. Given the clear policy behind Rule 14 to promote judicial economy by avoiding circuitous and multiple suits, we hold that the third party complaint, seeking actual damages that Reed's decedent incurred by not being covered by United's policy, is proper.

A question remains, however, concerning whether Reed may assert additional claims against Owens for other claims and damages. Reed's third party complaint alleges the torts of bad faith and misrepresentation and seeks, in addition to actual damages, punitive damages and damages for inconvenience, mental anguish, humiliation, damage to reputation, defamation of credit and attorney's fees.

■ The general rule is that once a court has determined that a proper third party claim has been asserted, it should allow joinder of any other claims the third party plaintiff may have against the third party defendant. 6 Wright & Miller, Federal Practice and Procedure § 1452 at 286. Such joinder is based on Federal Rule of Civil Procedure 18(a), which provides that a party asserting a claim, counterclaim, or *third party claim* may join, either as independent or as alternate claims, as many claims as he has against an opposing party. Of course, the requirement of subject matter jurisdiction must be met. This requirement is met if the additional claim arises out of the same transaction or occurrence as the initial claim for liability. 6 Wright & Miller, *supra,* § 1452 at 95 (Supp.1986); *Executive Financial Services v. Hart Chec, Inc.,* 95 F.R.D. 383, 384 (D.Colo. 1982).

■ Given that Reed has properly asserted a third party claim against Owens for actual damages, we hold that it is proper to allow Reed's assertion of an additional or alternative claim for misrepresentation against Owens. Federal jurisdiction is met in that this added claim arises out of the same transaction, i.e., the insurance policy and negotiations concerning the policy. We note, however, that for the reasons discussed in Part I, Reed will be unable to recover any punitive damages under this claim and will be limited only to those damages arising from the loss of the benefit of the bargain. We further note that Reed's claim for bad faith against Owens must also be dismissed.

III. *Owens' Motion to Dismiss United's Third Party Claim*

United has filed a third party claim against Owens seeking indemnity for all claims set forth in Reed's counterclaim against United. Owens seeks dismissal of United's third party claim for lack of jurisdiction and failure to state a claim upon which relief can be granted. United has failed to respond to Owens' motion.

Owens first argues that if we dismiss Reed's third party complaint against Owens, then the court will lack jurisdiction over United's third party claim against Reed. The court, however, has refused to dismiss Reed's third party complaint, and we need not address this argument. Ow-

ens' motion to dismiss for lack of jurisdiction will therefore be denied.

Owens next argues that United's third party claim fails to state a cause of action against him. Owens argument is as follows: Reed's counterclaim against United is for the tort of bad faith, which the Kansas courts have refused to recognize. Reed's counterclaim therefore fails to state a claim. Consequently, United's third party claim for indemnity against Owens based solely on Reed's counterclaim of bad faith fails to state a claim.

As discussed above in Part I, we rejected the argument that Reed's counterclaim pleads only a cause of action for bad faith. Rather, we recognize that Reed has properly set forth claims for misrepresentation and reformation of the policy or in the alternative for breach of the insurance policy. Consequently, United is entitled to seek indemnity against Owens based on these claims. It is well established that an agent is liable to his principal for damages, which the latter, in the absence of fault on his part, is compelled to pay third parties because of the agent's wrongful conduct. *See, e.g., Fenly v. Revell,* 170 Kan. 705, 708, 228 P.2d 905, 909 (1951). Furthermore, the Kansas Supreme Court has expressly held that an insurance agent who issues a policy of insurance in violation of the instructions of his company, is liable to the company for the amount of insurance paid and expenses incurred by the company on account of a loss under the policy. *See Insurance Company of North America v. Baer,* 94 Kan. 777, 782–83, 147 P. 840, 841–42 (1915). Thus, we hold that United has stated a claim against Owens in its third party claim and it need not be dismissed.

IT IS THEREFORE ORDERED that third party defendant Herbert F. Owens' motion to dismiss plaintiff United of Omaha Life Insurance Company's third party claim is denied.

IT IS FURTHER ORDERED that plaintiff United of Omaha Life Insurance Company's motion to dismiss defendant Maxine Reed's counterclaim is granted with respect to Reed's claim of bad faith and claims for the following damages: punitive damages; damages for inconvenience, mental anguish, humiliation and defamation of credit; and damage to reputation. Plaintiff's motion is denied on all other claims.

IT IS FURTHER ORDERED that third party defendant Herbert F. Owens' motion to dismiss Maxine Reed's third party complaint is granted with respect to Reed's claim of bad faith and claims for the following damages: punitive damages; damages for inconvenience, mental anguish, humiliation and defamation of credit; damage to reputation; and attorney's fees. Owens' motion is denied on all other claims.