**TRAVELERS CASUALTY & SURETY COMPANY, and The Travelers Indemnity Company, Plaintiffs,**

v.

**BOSTON GAS COMPANY, Massachusetts Electric Company, New England Power Company, The Narragansett Electric Company, Granite State Electric Company, and New England Electric System, Defendants.**

No. Civ.A. 99–10996–REK.

United States District Court, D. Massachusetts.

Nov. 12, 1999.

Mark D. Cahill, John A. Nadas, Joshua Engel, Keith A. Custis, Choate, Hall & Stewart, Boston, MA, for Travelers Cas. and Sur. Co., and Travelers Indem. Co., Plaintiffs.

Martin C. Pentz, Nutter, McClennen & Fish, Boston, MA, for Boston Gas Co., Defendant.

Michael P. Angelini, Vincent F. O'Rourke, Jr., Barry A. Bachrach, Bowditch & Dewey, Worcester, MA, for New England Elec. Systems, Defendant.

## Opinion

KEETON, District Judge.

### I. Pending Motion

Pending for decision is Defendants' Motion to Dismiss and Request for Oral Argument (Docket No. 10, filed July 13, 1999), with Memoranda in Support (Docket Nos. 11 and 18). Plaintiffs have submitted two Oppositions (Docket Nos. 14 and 17). Oral Argument occurred on November 10, 1999. This Opinion explains reasons for denying the Motion to Dismiss and instead ordering a limited stay of proceedings in this court.

### II. Procedural Background

Defendants Massachusetts Electric Company ("MEC"), New England Power Company ("NEPCO"), Narragansett Electric Company ("NEC"), Granite State Electric Company ("GSEC"), New England Electric System ("NEES"), and Boston Gas Company ("Boston Gas") (collec-

tively, the "Policyholders") are electric utility entities. NEPCO, NEC, GSEC, and MEC (collectively, the "NEES Subsidiaries") are electric delivery subsidiaries of NEES. Boston Gas is a gas distribution company unaffiliated with the NEES Companies.

## A. The Pending State Action

On April 9, 1999, the Policyholders sued Travelers Indemnity Company and Travelers Casualty & Surety Company (collectively, "Travelers Companies") as two among at least eighteen named-defendants in a civil action in the Massachusetts Superior Court for Worcester County (the "pending state action"), seeking liability insurance coverage comprehensively for environmental liability associated with forty-one sites of contamination in Massachusetts and seven non-Massachusetts sites. NEES, MEC, NEPCO and Boston Gas are Massachusetts residents. GSEC is a New Hampshire resident. NEC is a Rhode Island resident. Commercial Union, a defendant in the pending state action is a resident of Massachusetts. Other defendants in the state action are residents of various states, including California, Connecticut, Illinois, Iowa, possibly Massachusetts ("certain underwriters of Lloyds of London and London Underwriters"), New Jersey, New York, and Pennsylvania. *See Massachusetts Electric Co. et al. v. Allianz Insurance Co., et al.,* Commonwealth of Massachusetts, Worcester Superior Court, WOCV99–00467, Docket No. 3, First Amended Complaint.

The merits of the Policyholders' claims for coverage, and of defenses to those claims, depend in material part on the terms and enforceability of "stand-still" agreements of 1993 and 1996.

Travelers Companies moved in Worcester Superior Court to dismiss the pending state action on grounds of alleged violation of the "stand-still" agreements. Judge Toomey of that court held a hearing on Travelers Companies' motion on June 3, 1999.

On June 17, 1999, Judge Toomey denied Travelers Companies' motion to dismiss "without prejudice to defendants seeking similar relief in the Rule 56 context which presents a more appropriate forum for determining the reach of the 'stand still' agreements." *See Massachusetts Electric Co. et al.,* WOCV99–00467, Docket Entry for June 17, 1999.

Judge Toomey heard arguments on Travelers Companies' Motion for Summary Judgment on October 22, 1999, and he has not yet issued his decision.

## B. The Present Federal Action

On May 10, 1999, Travelers Companies filed an action in this federal court seeking a declaratory judgment of no liability to the Policyholders for the same environmental claims and under the same Travelers Companies' policies that are at issue in the pending state action. Because not all of the insurer-defendants in the pending state action are for diversity purposes non-residents of Massachusetts (the state of citizenship of NEES, MEC, NEPCO and Boston Gas), Rhode Island (the state of citizenship of NEC), and New Hampshire (the state of citizenship of GSEC), plaintiffs (Travelers Companies) were not able to remove the entire pending state action with all of the insurer-defendants from state court to federal court. Instead, Travelers Companies filed this federal action on their behalf only, alleging jurisdiction under 28 U.S.C. § 1332(a), the amount of the matter in controversy exceeding $75,000, and the controversy as framed in this complaint being between citizens of different states. Travelers Companies are residents of Connecticut and the Policyholders named as defendants are all Massachusetts residents, except for GSEC which is a New Hampshire resident and NEC which is a Rhode Island resident.

Recognizing that a stay rather than a dismissal of this action is among the choices this court may consider, the Policyholders ask this court not to stay this

action but to dismiss it because of the allegedly parallel and more comprehensive pending state action.

### III. Declaratory Judgment Act

The Declaratory Judgment Act is "an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant." *Wilton v. Seven Falls Co.,* 515 U.S. 277, 287, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995) (*quoting Public Service Com'n of Utah v. Wycoff, Co.,* 344 U.S. 237, 241, 73 S.Ct. 236, 97 L.Ed. 291 (1952)).

In relevant part, the Declaratory Judgment Act reads:

> In a case of actual controversy within its jurisdiction, . . . any court in the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. § 2201(a) (1993).

■ The opening paragraph of Justice O'Connor's opinion of the Court in *Wilton* states the two questions before the Court as follows:

> This case asks whether the discretionary standard set forth in *Brillhart v. Excess Ins. Co. of America,* 316 U.S. 491, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942), or the "exceptional circumstances" test developed in *Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976), and *Moses H. Cone Memorial Hosp. v. Mercury Const. Corp.,* 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983), governs a district court's decision to stay a declaratory judgment action during the pendency of parallel state court proceedings, and under what standard of review a court of appeals should evaluate the district court's decision to do so.

*Wilton,* 515 U.S. at 279, 115 S.Ct. 2137. The Supreme Court answered that the discretionary standard set forth in *Brillhart* governs "district courts' decisions about the propriety of hearing declaratory judgment actions, which are necessarily bound up with their decisions about the propriety of granting declaratory relief," *id.* at 289–90, 115 S.Ct. 2137, and district courts' decisions "should be reviewed for abuse of discretion," *id.* at 290, 115 S.Ct. 2137.

The application of the *Wilton* standard has been explicitly reaffirmed in this circuit, most recently in *DeNovellis v. Shalala,* 124 F.3d 298, 313 (1st Cir.1997). *See also Sturm, Ruger & Co., Inc. v. Occupational Safety and Health Admin.,* 186 F.3d 63, 64 (1st Cir.1999) (noting that declaratory relief is a remedy committed to judicial discretion informed by considerations of equitable restraint).

■ In *Wilton,* the Supreme Court recognized that "[a]lthough *Brillhart* did not set out an exclusive list of factors governing a district court's exercise of this discretion, it did provide some useful guidance in that regard." *Wilton,* 515 U.S. at 282, 115 S.Ct. 2137. Among the highlighted guidelines relevant to a district court's decision to stay a declaratory judgment action, when a parallel state action is pending, are the following: (1) the scope of the pending state court proceeding and the nature of defenses open there; (2) whether the claims of all parties in interest can be adjudicated satisfactorily in the state proceeding; (3) whether necessary parties have been joined; (4) whether all necessary parties are amenable to process in the state proceeding; and (5) the virtue of avoiding "uneconomical" proceedings, "vexatious" proceedings, and "gratuitous interference" by a federal court with an orderly and comprehensive suit pending in a state court, presenting the same issues, not governed by federal law, between the same parties. *See Wilton,* 515 U.S. at 282–83, 115 S.Ct. 2137 (citing *Brillhart,* 316 U.S. at 494–95, 62 S.Ct. 1173).

Although I recognize the federal courts "'virtually unflagging obligation' to exercise the jurisdiction conferred on them by Congress," *Wilton,* 515 U.S. at 284, 115 S.Ct. 2137 (quoting *Colorado River,* 424 U.S. at 817–18, 96 S.Ct. 1236), legal precedents in this circuit and in the Supreme Court make it clear that in the declaratory judgment context specifically (in contrast with other contexts, in which different legal tests and standards might apply), "the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration." *Wilton,* 515 U.S. at 288, 115 S.Ct. 2137. *See also DeNovellis,* 124 F.3d at 313.

## IV. Applying *Wilton* and *Brillhart* to the Circumstances of the Present Case

### A. Introduction

After considering the guidelines identified in Part III, above, as applied to the circumstances of the present case, I determine that the most appropriate ruling at this time in the case at bar is to stay proceedings in this court to allow the state court an unfettered opportunity to reach an adjudication in the pending state action. In the remainder of this Opinion, I will explain my determination in the fuller context of the parties' arguments that have been submitted in their papers filed in this court and as they were stated at the oral hearing of November 10, 1999.

### B. Scope of the Pending State Court Proceeding

A comparison of the complaint in the pending state civil action with the complaint in this federal civil action reveals no material difference in the rights and liabilities to be adjudicated between Travelers Companies and Policyholders. In this federal action, Travelers Companies seek a declaration by this court that they have no obligation under identified insurance policies to defend or indemnify the Policyholders with respect to identified environmental claims. The insurance policies and environmental claims at issue in this federal action are those that are also being litigated in the pending state court action. In other words, Travelers Companies seek a declaration by this court that they will incur no legal liability from the suit filed against them in Worcester Superior Court. Thus, as to potential grounds of liability, the scope of the pending state action is identical to the scope of the present federal action. Furthermore, no defenses have been brought to my attention that are asserted in one of these pending actions but not the other.

The pending state court proceeding is, of course, more comprehensive in terms of the insurer-defendant parties named and the environmental sites covered.

### C. The Contention of the Travelers Companies

The Travelers Companies respond to the Policyholders' Motion to Dismiss with contentions that the Policyholders' claims can be and should be resolved in this federal forum.

They suggest that, as the record now stands, the Policyholders could satisfy concerns about interests of the entities that are nonparties to this civil action. The Travelers Companies suggest that the Policyholders, as defendants, could do so by invoking third-party defendant procedures under Rule 14(a) of the Federal Rules of Civil Procedure to join the excess insurers in this civil action, and that neither the barriers associated with concepts of supplemental jurisdiction nor the barriers associated with concepts of realignment, diversity jurisdiction, and in personam jurisdiction should concern the Policyholders or the court.

In support of their suggestions, Travelers Companies cite, in relation to joining non-diverse parties, *e.g., Freeport–McMo-Ran, Inc. v. K N Energy, Inc.,* 498 U.S. 426, 111 S.Ct. 858, 112 L.Ed.2d 951 (1991) (per curiam); *Owen Equip. & Erection Co. v. Kroger,* 437 U.S. 365, 98 S.Ct. 2396, 57

L.Ed.2d 274 (1978); *United of Omaha Life Ins. Co. v. Reed*, 649 F.Supp. 837 (D.Kan. 1986)

They cite, in relation to third-party defendant procedures, *e.g., Eastern Enterprises v. Shalala*, 942 F.Supp. 684 (D.Mass.1997), *aff'd Eastern Enterprises v. Chater*, 110 F.3d 150, *rev'd on other grounds Eastern Enterprises v. Apfel*, 524 U.S. 498, 118 S.Ct. 2131, 141 L.Ed.2d 451 (1998); *Southwest Administrators, Inc. v. Rozay's Transfer*, 791 F.2d 769 (9th Cir. 1986); *Old Republic Ins. Co. v. Concast, Inc.*, 99 F.R.D. 566 (S.D.N.Y.1983).

They cite, in relation to realignment, *e.g., U.S.I. Properties Corp. v. M.D. Const. Co., Inc.*, 860 F.2d 1 (1st Cir.1988); *Maryland Cas. Co. v. W.R. Grace & Co.*, 23 F.3d 617–24 (2d Cir.1993); *Nevada Eighty–Eight, Inc. v. Title Ins. Co. of Minnesota*, 753 F.Supp. 1516 (D.Nev.1990).

Policyholders call attention to contrasting perspectives on each of these three matters.

In relation to joinder, see, *e.g., Mutual Life Ins. Co. of New York v. Adams*, 972 F.Supp. 1386 (N.D.Ala.1997); *Casualty Indem. Exchange v. High Croft Enterprises, Inc.*, 714 F.Supp. 1190 (S.D.Fla.1989); *Freightliner Corp. v. Travelers Ins. Co.*, 1990 WL 129704 (N.D.Ill.1990).

In relation to third-party defendant procedure, see, *e.g., United States v. Olavarrieta*, 812 F.2d 640 (11th Cir.1987); *Leasetec Corp. v. Inhabitants of County of Cumberland*, 896 F.Supp. 35 (D.Me.1995).

In relation to realignment, see, *e.g., Employers Ins. of Wausau v. Crown Cork & Seal Co., Inc.*, 942 F.2d 862 (3rd Cir.1991); *United States Fidelity and Guar. Co. v. Thomas Solvent Co.*, 955 F.2d 1085 (6th Cir.1992); *BASF v. Symington*, 50 F.3d 555, 557 (8th Cir.1995); *American Honda Motor Co., Inc. v. Clair International, Inc.*, 1999 WL 414323 (D.Mass.1999) (Wolf, J.).

In light of this array of somewhat inconsistent pronouncements about joinder, third-party defendant procedures, and realignment, Travelers Companies acknowledged at oral argument that the matter now before this court is one for the exercise of discretion rather than the application of a firm nondiscretionary ruling. Given the array of conflicting pronouncements and the undoubted authority to exercise discretion, rather than enter this thicket with the purpose of deciding debatable jurisdiction, joinder, and realignment issues at this early stage of proceedings in this court, I conclude that the wiser and fairer course is to stay proceedings in this court temporarily, while awaiting further developments in the state proceeding and in the parties' out-of-court activities in relation to the larger controversy of which the state action and this action are parts.

**D. Satisfactory Adjudication of the Claims of All Parties in Interest in the Pending State Action: Joining Necessary Parties and an Amenable Forum**

**1. Joining Necessary Parties**

The defendant-Policyholders argue that a dismissal of Travelers Companies' request for a declaratory judgment is appropriate because not all of the necessary parties can be joined properly in the federal action. In support of this argument, the Policyholders set forth two reasons why Travelers Companies' suggestion of joining all of the other diverse and non-diverse insurer-defendants from the pending state court action in this federal action as third-party defendants under Federal Rule of Civil Procedure 14(a) is improper. First, Policyholders say that such a use of third-party practice would destroy complete diversity if all parties were aligned according to interest in the merits of coverage issues. This, Policyholders say, would be an improper way of using the federal declaratory judgment statute as a "back door removal device." Second, Policyholders say that existing law does not support derivative pass-through liability that the Policyholders could properly assert against

the third-party-insurer-defendants, as would be necessary to meet the requirements of Federal Rule of Civil Procedure 14(a). Thus, impleading in this federal action all the entities that are insurer-defendants in the pending state court action would not satisfy the requirements of the federal rule.

Travelers Companies respond by saying that the Policyholders' interpretation of Fed.R.Civ.P. 14(a) is "unduly formalistic" and that a more liberal construction of the rule is proper in order to achieve the goal of efficient and consistent resolution of multiparty disputes. *See* Travelers Companies' Memorandum of Law in Opposition, Docket No. 14 at 14. Travelers Companies continue by saying that once the insurer-defendants from the pending state court action are made parties to the federal action, this court can exercise supplemental jurisdiction over them under 28 U.S.C. § 1367(a) without a concern about destroying diversity because of the "well-settled rule . . . that federal courts sitting in diversity assess compliance with § 1332 at the time the suit is filed, and that subsequent events generally do not divest the court of jurisdiction." *See id.* at 13. This argument fails, in my view, because in effect it assumes, without explaining on a reasoned basis, the very point at issue. It assumes that the citizenship of the later-joined defendants is irrelevant to a hypothetical removal that did not occur. But the relevance of their citizenship is the very point in dispute.

Travelers Companies in effect argue that the Policyholders and this court should pursue a complex obstacle course of procedural hurdles in order to appear to satisfy jurisdictional requirements, including joinder of parties, instead of leaving the state court to continue its management of this case, as it has been doing, with all of the necessary parties properly joined and aligned. I find no good cause for adopting a course that invites disputes and appeals over the authority of the court to allow questionable joinder. This finding is supported by the precedents from the Courts of Appeals and the Supreme Court unequivocally granting federal district courts considerable discretion in a declaratory judgment context in order to avoid an "uneconomical" and "vexatious" declaratory judgment suit when an orderly and comprehensive suit presenting the same issues between the same parties is pending in state court. *See Wilton,* 515 U.S. at 282, 115 S.Ct. 2137.

## 2. Amenable Forum

The Policyholders' alleged breach of the "stand-still" agreements, and the effect of that alleged breach on the propriety of filing suit in state court as opposed to federal court, remain to be considered. This aspect of the contentions of the Travelers Companies is, perhaps, the least vulnerable part of their argument for denying the Policyholders' Motion to Dismiss. Travelers Companies assert that provisions of a stand-still agreement that existed between them and the Policyholders should have prevented the Policyholders from filing suit before Travelers and in state court. Upon careful consideration of the procedural history of this case and of the fact-intensive inquiry that a resolution of this issue will require, however, I conclude that this kind of issue on the merits is precisely the kind of issue a federal court should allow the state court an unfettered opportunity to decide, on state-law grounds not involving federal questions.

One of the stand-still agreements at issue was entered into in 1993 between NEES and its subsidiaries and Travelers Indemnity Company (and *not* Travelers Casualty & Surety as it was not yet in existence before the merger of Aetna Casualty and Surety Company with Travelers Indemnity, *see* Travelers Companies' Memorandum of Law in Opposition, Docket No. 14 at 3 & n. 3). The provisions at issue in the 1993 stand-still agreement are reproduced below:

4. During the terms of this Agreement, no Party to this Agreement

will institute suit against another Party to this Agreement regarding coverage for the ENVIRONMENTAL CLAIMS under any Travelers policy of insurance listed on Attachment A. . . .

11. This Agreement may be terminated with respect to one or more ENVIRONMENTAL CLAIMS by either Party upon sixty (60) days written notice to the other Party. Notwithstanding the above provision, this Agreement shall be terminated automatically and immediately in the event that Boston Gas Company institutes suit against The Travelers under any Travelers policy of insurance listed in Attachment A.

12. Prior to instituting any coverage litigation concerning the ENVIRONMENTAL CLAIMS, the NEES Companies will provide The Travelers with thirty (30) days written notice of its intent to file such an action.

Docket No. 14, Ex. A.

The other stand-still agreement at issue was entered into in 1996 and is between Boston Gas and Travelers Indemnity Company and the Aetna Casualty and Surety Company. The provisions of that stand-still agreement are effectively the same as the 1993 agreement and are reproduced below:

4. During the terms of this Agreement, no Party to this Agreement will institute suit against another Party to this Agreement regarding coverage for the ENVIRONMENTAL CLAIMS under any alleged Travelers or Aetna policy of insurance listed on Attachment A. . . .

11. This Agreement may be terminated with respect to one or more ENVIRONMENTAL CLAIMS by either Party upon sixty (60) days written notice to the other Party. Notwithstanding the above provision, this Agreement shall be terminated automatically and immediately in

the event that any of the NEES Companies institutes suit against Travelers or Aetna under any policy of insurance listed in Attachment A.

12. Prior to instituting any coverage litigation concerning the ENVIRONMENTAL CLAIMS, Eastern/Boston Gas will provide Travelers/Aetna with thirty (3) days written notice of its intent to file such an action.

*Id.* at Ex. B.

Travelers Companies allege the following facts in the form of affidavits and exhibits as evidence of the Policyholders' breach of both the 1993 and 1996 stand-still agreements. *See* Docket No. 14, Exhs. A–D, 1–10.

On March 10, 1999, the Policyholders notified Travelers Companies that NEES and Boston Gas were terminating the stand-still agreements. In so doing, NEES and Boston Gas also provided notice to Travelers Companies of their intention to institute coverage litigation.

On April 9, 1999, thirty days later, the Policyholders filed an amended state complaint adding Travelers Companies as defendants in the pending state action, which had been initially filed in Worcester Superior Court on March 8, 1999.

Travelers Companies argue that these events demonstrate a breach of the stand-still agreements and require the dismissal of both this declaratory judgment action and, as they have contended before the state court, a dismissal of the state court action as against Travelers Companies. Central to Travelers Companies' argument in support of dismissal is their contention that the stand-still agreements were put in place in order to afford Travelers Companies the opportunity to commence suit first and in the forum of their choice (*i.e.*, federal court). They allege that the conduct of the Policyholders is in direct contravention

of the ultimate purpose of the stand-still agreements.

Two points weigh heavily against Travelers Companies' arguments regarding the effect of the Policyholders' alleged breach of the stand-still agreements. First, the issue concerning whether or not the Policyholders' committed a breach of the 1993 and 1996 stand-still agreements is not a question properly decided at this initial stage of this federal suit. In the pending state action, Judge Toomey arrived at a similar conclusion when this precise question arose at the hearing before him on Travelers Companies' Motion to Dismiss. Judge Toomey then instructed the parties that the issue of the breach of the stand-still agreements is properly addressed in a Rule 56 context, on a Motion for Summary Judgment. According to both parties' submissions, that motion was argued on October 22, 1999 and they are awaiting Judge Toomey's decision. The pending Motion for Summary Judgment before Judge Toomey on this precise issue persuades me against undertaking to decide the issue of the alleged breach of the stand-still agreements.

Second, even if I were to assume that the Policyholders' committed a breach of the stand-still agreements and filed suit without adhering to the appropriate notice provisions in the agreements, it is not at all clear from the four corners of the agreements that such a breach would have an effect on the proper forum in which the suit would most properly be heard. In other words, the plain language of the contract contains no forum clause, nor does it say, as Travelers Companies allege it means, that the notice provisions are in the agreement in order to allow Travelers Companies to file suit first in federal court. Thus, assuming that the Policyholders complied with the provisions of the stand-still agreements and Travelers Companies had the notice they allege they require under the agreement—notice that would have enabled them to file a declaratory judgment action in this court before the Policyholders sued them first in state court—I conclude that the issue concerning whether *Travelers Casualty & Surety Company et al. v. Boston Gas Company et al.* should properly be in this federal court when the other insurer-defendants remain in state court is an issue that I would have to decide regardless of the stand-still agreements.

Having determined that the legal precedent from the Court of Appeals of the First Circuit and the Supreme Court encourage the court to take account of "considerations of practicality and wise judicial administration," I conclude that Travelers Companies' arguments regarding their *preference* for a federal forum, despite the inevitably more comprehensive and more fully developed action in the state court, are not persuasive. *See Wilton*, 515 U.S. at 288, 115 S.Ct. 2137 (as quoted in *DeNovellis*, 124 F.3d at 313).

### E. Avoiding "Uneconomical," "Vexatious," and "Gratuitous" Declaratory Judgment Suits When An Orderly and Comprehensive Suit Is Pending In A State Court Presenting The Same Issues, Not Governed By Federal Law, Between The Same Parties

Other factors also tilt the balance strongly in favor of a stay.

The party has contended that any substantive law other than state substantive law controls the outcome of this law suit. When faced with the wide reach and importance of decisions regarding Massachusetts insurance law and utility regulation that are at issue in this case, a court must be especially sensitive to concerns of comity that weigh heavily in favor of a state court disposition. *See Hood v. City of Boston*, 891 F.Supp. 51, 55–56 (D.Mass. 1995).

Also, cautions from the Court of Appeals for the First Circuit regarding the wastefulness and potential harm of conflicting judicial decisions that result from piece-

meal and duplicitous litigation further support a decision to stay this action. *See, e.g., Liberty Mutual Ins. Co. v. Foremost–McKesson, Inc.,* 751 F.2d 475, 477 (1st Cir.1985). Decisions of the Circuit underscore the continuing viability of the Supreme Court's decision in *Brillhart* manifesting a determination in appropriate cases to decline to exercise jurisdiction under the Declaratory Judgment Act. *See Brillhart,* 316 U.S. at 495, 62 S.Ct. 1173.

## ORDER

For the foregoing reasons, it is ORDERED:

(1) Defendants' Motion to Dismiss (Docket No. 10) is DENIED;

(2) The court will STAY proceedings in this civil action before this court to await the outcome of proceedings in the related civil action pending in the state forum. Any party to this civil action in this court may at any time, on a showing of material change of circumstances, move to reactivate proceedings in this court.

(3) The next Case Management Conference, at which the parties will be asked to report on the status of the state proceedings and any other material circumstances, is set for January 26, 2000, at 3:00 p.m.